**Thomas H. SMITH and The Yellow Cab Company of the District of Columbia, Inc., Appellants,**

v.

**Mary M. LEIGH and John E. Leigh, Appellees.**

**No. 13722.**

United States Court of Appeals District of Columbia Circuit.

Submitted May 9, 1957.

Decided June 20, 1957.

Messrs. Harvey A. Jacobs and Charles Jay Pilzer, Washington, D. C., for appellant Smith.

Mr. Alfred M. Schwartz, Washington, D. C., for appellant The Yellow Cab Co.

Mr. Saul M. Schwartzbach, Washington, D. C., for appellees.

Before PRETTYMAN, WASHINGTON and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

This case arose out of an automobile accident. Two cars were involved, one a taxicab driven by Smith and the other a private car owned by Mr. Leigh and driven by Mrs. Leigh. Smith sued the Leighs in the Municipal Court for damages to his cab in the sum of $101.40. The

Leighs filed and then nonsuited a counterclaim for personal injuries to Mrs. Leigh. Then the Leighs filed suit in the United States District Court for $125,000 for personal injuries to Mrs. Leigh, alleging, *inter alia*, permanent brain injury.

The Municipal Court is of limited jurisdiction[1] and can entertain neither claims nor counterclaims in excess of $3,000. It has no power to transfer cases to the District Court. The latter is a court of general jurisdiction. Upon motion it enjoined Smith from proceeding in the Municipal Court action and advanced the cause for trial before itself. The question before us is the validity of this injunction.

■ Conflicting views are urged upon us, each with supporting rules of law. No authority precisely upon the point here at issue is presented. Normally, in circumstances such as are here shown, we would deem it the better practice for the Municipal Court to stay its own hand, to the end that the District Court might proceed to adjudicate the issues raised in good faith by a counterclaim which exceeds the Municipal Court's jurisdiction. Such action by the Municipal Court is not in derogation of its own status and merely accords proper deference to the *nisi prius* court of unlimited jurisdiction in this Circuit.[2] We realize the Municipal Court of Appeals has indicated[3] that the Municipal Court ought to leave to the District Court the initiative in situations such as this. In the cited cases the court correctly suggested that the ultimate problem is one of District Court rules. But the question whether

to proceed forthwith or to hold a case in abeyance is not one of rules but one of policy. Cases are reached more quickly on the calendar in the Municipal Court than they are in the District Court. So, when the Municipal Court is advised, by motion or other appropriate procedure, that a case appearing on its calendar involves a major counterclaim, beyond the jurisdiction of the Municipal Court, and that representation appears to be correct, we think that court would be well advised, purely as a matter of policy, to withhold the case from actual trial or other disposition until reasonable opportunity has been afforded the District Court to examine whatever action may have been filed there. When the Municipal Court declines to place the case in abeyance, we think the interests of justice are best served by the application of the doctrine that a court of unlimited jurisdiction may enjoin a party from proceeding upon the same subject matter in a court of limited jurisdiction, the courts being in the same court system.[4] This view avoids numerous difficulties inherent in any other disposition of the matter. It avoids the difficulty of two adjudications upon the same subject matter and the difficulty of *res judicata* on liability arising from a judgment in the court of limited jurisdiction where the major damage issue is in the court of unlimited jurisdiction and in it alone.

We recognize, of course, the rule that federal courts will not enjoin proceedings in state courts except where authorized by statute to do so or where necessary in aid of their own jurisdiction,[5] but that rule does not fit the relationship of the District Court and the Municipal Court,

1. 56 Stat. 192 (1942), D.C.Code § 11–755 (1951).

2. See, e. g., P. Beiersdorf & Co. v. McGohey, 187 F.2d 14 (2d Cir., 1951); Mottolese v. Kaufman, 176 F.2d 301 (2d Cir., 1949).

3. Bair v. Bryant, 96 A.2d 508, 511 (1953); Bradley v. Triplex Shoe Co., 66 A.2d 208, 209 (1949); Kaplowitz Bros. v. Kahan, 59 A.2d 795, 796 (1948).

4. Otis v. Graham Paper Co., 188 Ga. 778, 4 S.E.2d 824, 125 A.L.R. 333 (1939):

Aldrich v. Transcontinental Land & Water Company, 131 Cal.App.2d 788, 281 P.2d 362, 367 (1955); Engleman v. Superior Court, 105 Cal.App. 754, 288 P. 723 (1930); 4 Pomeroy, Equity Jurisprudence § 1371 (5th ed. 1941); 28 Am. Jur., Injunctions § 198.1 (Cum.Supp. 1956); 43 C.J.S. Injunctions § 48 note 63; Annot., 125 A.L.R. 337 (1940). See also Allamon v. Falkenhof, 39 Ohio App. 515, 177 N.E. 789 (1931).

5. 62 Stat. 968 (1948), 28 U.S.C. § 2283.

which belong to the same system with a common superior.[6] Basically the District Court is a federal court and the Municipal Court is, as its name implies, a municipal court of the municipality of the District of Columbia. But the District Court is also the court of general jurisdiction of the District of Columbia; it has a double nature and function. Our court is the final appellate tribunal of both courts, subject, of course, to the authority of the Supreme Court on certiorari. We also have in mind the rule in Kline v. Burke Construction Co.,[7] but that contemplated courts of coordinate jurisdiction; and also the rule in Bair v. Bryant,[8] but that treated of separate causes of action, one for damages and the other for contribution. And we have in mind the general rule that the court which first acquires jurisdiction over a controversy should continue with it, but the cases in which that rule has been applied appear generally to have involved courts of coordinate jurisdiction. Geracy, Inc., v. Hoover[9] is cited to us, but it is not applicable here. There the plaintiff reduced his claim to less than $3,000 and sued in the Municipal Court. We held merely that he forfeited thereby the right to sue also in the District Court.

It is suggested that the view we take will give rise to great abuse, in that defendants in the Municipal Court may file in the District Court suits which are in reality counterclaims but are without great substance, thus depriving the Municipal Court of proper jurisdiction over controversies. But we think the District Court has ample power to obliterate that abuse by promptly transferring such cases to the Municipal Court. In the case at bar the suit in the District Court for the injuries to Mrs. Leigh appears, on its face at least, legitimately to be for a sum greater than $3,000. We intimate no view, of course, as to the actual merits, since we know nothing of them.

The order of the District Court is Affirmed.

6. Cf. Covell v. Heyman, 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390 (1884).

7. 260 U.S. 226, 230, 43 S.Ct. 79, 67 L. Ed. 226 (1922).

8. 96 A.2d 508 (D.C.Mun.App.,1953).

9. 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185 (D.C.Cir.,1942).