Milton LEVINE, Appellant,

v.

Louise C. DOWNS and Cecelia Kelso,
Appellees.

No. 2221.

Municipal Court of Appeals for the
District of Columbia.

Argued July 7, 1958.

Decided Oct. 28, 1958.

Philip Shinberg, Washington, D. C., for appellant. Eugene B. Paulisch, Washington, D. C., also entered an appearance for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., with whom James J. Bierbower, Washington, D. C., was on the brief, for appellees. Clarence A. Davis, Washington, D. C., also entered an appearance for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellees joined in an action against appellant in the Municipal Court, alleging that appellee Downs, owner and operator of an automobile, and appellee Kelso, passenger in the automobile, were injured when their automobile collided with appellant's automobile by reason of the latter's negligence. Appellant answered, denying negligence on his part, asserting negligence on the part of appellee Downs, and asking judgment against Downs for all or a contributable portion of any judgment Kelso obtained against appellant. Some eight months after filing his answer appellant moved that the action be stayed because of a pending action in the United States District Court for the District of Columbia where he as plaintiff was suing appellee Downs for damages arising out of the same collision. The trial court denied the motion to stay and this appeal is from that denial.

The motion to stay was based on the decision in Smith v. Leigh, 101 U.S.App.D.C. 225, 226, 248 F.2d 85, 86, where, in a situation somewhat similar to the present one, the District Court had enjoined the defendant there from proceeding in the Municipal Court where he was plaintiff. The Court of

Appeals affirmed the injunction order and in the course of its decision said:

"Normally, in circumstances such as are here shown, we would deem it the better practice for the Municipal Court to stay its own hand, to the end that the District Court might proceed to adjudicate the issues raised in good faith by a counterclaim which exceeds the Municipal Court's jurisdiction. * * * So, when the Municipal Court is advised, by motion or other appropriate procedure, that a case appearing on its calendar involves a major counterclaim, beyond the jurisdiction of the Municipal Court, and that representation appears to be correct, we think that court would be well advised, purely as a matter of policy, to withhold the case from actual trial or other disposition until reasonable opportunity has been afforded the District Court to examine whatever action may have been filed there."

In Bradley v. Triplex Shoe Co., D.C.Mun.App., 66 A.2d 208, where the Municipal Court stayed its action pending disposition of a District Court action, we held the stay order not to be a final and appealable order, and dismissed the appeal. In Heller v. Edwards, D.C.Mun.App., 104 A.2d 528, where the Municipal Court refused to stay its action during the pendency of a District Court action, we likewise held that the order refusing a stay was not final and appealable, and dismissed the appeal. On the authority of those cases we hold that the denial of the stay in the case at bar was not final and appealable.

In case we be in error in our conclusion regarding the appealability of the order here involved (see Barnard v. Schneider, 100 U.S.App.D.C. 152, 243 F.2d 258) we add that on the merits we see no ground for reversal. Matters of policy or practice in the trial court lie within the discretion of that court, and we are not justi-

fied in interfering in such matters except in cases of manifest abuse of discretion. We find no such abuse here.

Appeal dismissed.