**HOTEL NEW COLONIAL, INCORPORATED, Plaintiff,**

v.

**JAMES REFRIGERATION COMPANY, Defendant.**

Civ. A. No. 2790-58.

United States District Court
District of Columbia.

Feb. 9, 1959.

Danzansky & Dickey, Washington, D. C., for plaintiff.

Daniel I. Sherry, Washington, D. C., for defendant.

McGUIRE, District Judge.

Motion for preliminary injunction denied.

Civil Action No. M 29887–58 presently pending in Municipal Court is an action in which the defendant in the action here is asserting a claim of $2,939.24 for labor and materials against this plaintiff. The plaintiff here contends that it is barred from maintaining a counterclaim against the defendant in the Municipal Court action because it would exceed the jurisdictional ad damnum of that Court. Relying principally on Smith v. Leigh, 1957, 101 U.S.App.D.C. 225, 248 F.2d 85, 87, the plaintiff as a consequence moves that this Court restrain the defendant from proceeding in the Municipal Court until this case is adjudicated.

Examining the complaint in the case at bar, the Court's attention is focused on two rather interesting aspects which, from the Court's point of view, are paradoxical: (1) Paragraph 2 of the complaint alleges the existence of a contract between the plaintiff and the defendant, a photostatic copy of which is attached to the complaint, the monetary consideration stated being $1,190, and (2) paragraph 5 of the complaint avers that in violation of that contract the "* * * plaintiff was required * * * to repair * * * its air-conditioning system * * * in the sum of $7,413.52." This is a bald, blank statement without support. It would appear that if the original contract was $1,190 then it certainly would cause an eyebrow to be raised as to what has happened that the defendant in this action failed to do or negligently did, or a combination of both, which raised the cost to $7,413.52.

That being the situation, and no explanation being forthcoming, the plaintiff here is given ten days to fill in the interstitial space and to indicate upon what predicate the monetary conclusion is drawn, because it is important to the Court in a congested area such as this is to determine whether or not the present case falls within the jurisdiction of this Court.

If that information is not forthcoming to the satisfaction of the Court within the time limit specified, then the case will be transferred to the Municipal Court with the suggestion that it and the one there be consolidated for trial.

The Court is aware of Smith v. Leigh, supra, but it is appropriate to observe further, with respect to that case, that "* * * the District Court has ample power to obliterate that abuse [the bringing of a separate action in the District Court in order to frustrate the prior Municipal Court case] by promptly transferring such cases to the Municipal Court." The Court, however, frankly states that it is not necessarily of the opinion that the plaintiff's contention as raised in the motion is unsupportable—that will depend upon the forthcoming suggested information which the Court has demanded. In the meantime, the motion to restrain the Municipal Court is denied without prejudice.

Order accordingly.