**Carl J. BATTER, Appellant,**

v.

**Elva Mae Burton DIXON, Appellee.**

**No. 2878.**

Municipal Court of Appeals for the District of Columbia.

Submitted Jan. 8, 1962.

Decided Feb. 13, 1962.

Leonard C. Collins, Washington, D. C., for appellant.

Henry Lincoln Johnson, Jr., Washington, D. C., entered an appearance for appellee, but filed no brief.

Before HOOD and QUINN, Associate Judges, and MYERS, Associate Judge of The Municipal Court for the District of Columbia, sitting by designation.

QUINN, Associate Judge.

In this action before the Landlord and Tenant Branch of the Municipal Court, appellant sought possession of certain premises occupied by appellee, under claim that the right thereto had been "surrendered" to him by the corporate landlord. When the case was called for trial, appellee moved to stay the proceedings on the ground that an earlier suit, also involving the right of possession of the premises in question, between this corporate landlord and appellee was still pending in the District Court.[1] Appellant argued that the case should proceed to trial because (1) neither the parties nor the issues in the two actions were the same, and (2) proper procedure required appellee move the District Court to enjoin this proceeding. The trial court granted the motion to stay and this appeal followed.

By appellant's own statement, his interest in the disputed property is derivative, a result of assignment. Whatever possessory interest he may be entitled to in the property is necessarily dependent on the corporation's right to possession. As that issue has already been submitted to the District Court for determination, or at least it is so claimed, the trial court acted within proper bounds in curtailing the instant action, to await the final outcome of the preceding litigation. It is also evident that appellee asked for relief in the proper forum. See Smith v. Leigh, 101 U.S.App.D.C. 225, 248

F.2d 85 (1957). Under the circumstances here, the fact that the District Court action was filed first and will probably determine appellant's right to maintain the landlord and tenant suit, we believe that the trial court's action, as a matter of policy, was well advised. On this account, we hold that there was no abuse of discretion.

Affirmed.

1. We are informed that this case is now before the United States Court of Appeals for this circuit.