**Mussette JONES, Appellant,**

v.

**JOHN W. GLEN, INC., Appellee.**

**No. 21479.**

United States Court of Appeals District of Columbia Circuit.

Argued April 24, 1968.

Decided June 11, 1968.

---

Mr. Robert H. Reiter, Washington, D. C., for appellant.

Mr. Donald J. Caulfield, Washington, D. C., for appellee.

Before FAHY, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from an order of the District Court dismissing an action instituted in the District Court for the reason that an action based on the same cause had been commenced and was pending in the District of Columbia Court of General Sessions.

Plaintiff first brought an action in the Court of General Sessions in April 1965 based on injuries which occurred a year earlier; damages of $10,000 were sought. Depositions and other pre-trial proceedings developed in due course. Approximately two years after filing a complaint in the Court of General Sessions and almost three years after the injuries were sustained, Appellant filed a complaint on the same claim in the United States District Court. On Appellee's motion to dismiss because of the pendency of the action in General Sessions Court, Appellant's attorney represented an intention to dismiss the action in the General Sessions Court and the District Court Judge held the motion in abeyance awaiting the action of that court. Appellant then filed a motion in the General Sessions Court to dismiss that action but the motion was denied. By that time the case was nearing a trial date in the Court of General Sessions which was thereafter set for January 1968.

In the District Court, and in the Court of General Sessions, Appellant's counsel claimed a need to try the case in the District Court because of a change in circumstances such as to warrant damages in excess of $10,000.

██ As a matter of efficient, judicial administration we have no difficulty in concluding that two suits on the same cause of action should not be maintained simultaneously in the General Sessions Court and the United States District Court. We do not reach the question whether Appellant was required to exhaust all remedies by way of appeal from the General Sessions Court denial of the motion to dismiss; indeed we have no occasion to decide whether that was an appealable order. If the District Court has power to proceed with a case such as this while enjoining further proceedings in the Court of General Sessions such a power should be exercised with care and only to prevent a manifest injustice. Smith v. Leigh, 101 U.S.App.D.C. 225, 248 F.2d 85 (1957). Neither in the Court of General Sessions on the motion to dismiss that case nor in the District Court, did Appellant proffer any affidavit, medical report, or any other documented evaluation of the extent of the injuries sustained by her which demonstrated that a trial under a $10,000 jurisdictional limitation would be a manifest injustice.

Appellant seems to have misconceived her burden and relied on pleading allegations to oppose the motion to dismiss. But the challenge to the amount of claimed damage could not be satisfied by mere allegations; some evidence was necessary to show that the injuries were greater than were known to exist at the time the first action was filed.

The District Judge's action indicated genuine concern for the needs of the Appellant and the right of Appellee to be free from proceedings in two courts. However, the record is not clear whether the District Court action rested entirely on the pendency of two actions or because of failure to make a "good faith" showing that a larger claim was warranted. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The latter, of course, was Appellant's burden. Ibid.

We are not unaware of the problems of the two trial courts here involved and the burdens that these proceedings entail in having two courts be concerned over a single case. Appellant should have proceeded with greater diligence but we note that she has obtained new counsel only recently. The lack of Appellant's diligence also adds to the burdens of Appellee and if any form of the relief sought should be granted by the District Court it would be appropriate to condition such grant on Appellant's payment to Appellee of added costs incurred by the Appellee. We leave this to the sound judicial discretion of the District Court. Since there is some indication that Appellant may be indigent, the actual payment of such costs could be deferred until such time as the case is finally disposed of. The Appellee should not bear alone the added costs resulting from Appellant's lack of diligence.

██ Considering all the circumstances we conclude that the interests of justice will be best served by remanding to the District Court to afford Appellant an opportunity to demonstrate that the injuries and expenses arising out of the claimed negligence of Appellee meet the requirements of District Court jurisdictional amount.[1]

Reversed and remanded.

1. Where such showing is made, it is clear that the proper procedure is for the District Court to enjoin the prosecution of the case in the Court of General Sessions. Smith v. Leigh, 101 U.S.App. D.C. 225, 248 F.2d 85 (1957); Coates v. Ellis, 61 A.2d 28 (D.C.Mun.App.1948). Such power should be exercised with care and to prevent manifest injustice, reflecting a balanced concern for the needs of the claimant, the rights of the defendant, and the burdens involved.