Alec A. PEIKIN, Appellant,

v.

Chancellor WILLIAMS, Appellee.

No. 2444.

Municipal Court of Appeals for the District of Columbia.

Reargued Jan. 7, 1960.*

Decided Feb. 10, 1960.

James P. Donovan, Washington, D. C., for appellant.

James K. Foley, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Appellee Chancellor Williams was brought into this case as garnishee of the principal defendant, Holiday Homes, Inc. In his answer garnishee stated: "Yes. Defendant contracted to build a cottage in Charles County, Maryland; said house he failed to complete according contract and specifications. The amount of indebtedness, therefore, is unknown." Plaintiff filed a traverse to the answer, and the trial thereof resulted in a decision in favor of garnishee. Plaintiff appeals.

At the trial the garnishee testified that he had entered into the contract (on September 2, 1954) and that some four months later Holiday Homes "had closed down and left the area." He testified that he paid the deposit called for by the contract, and that he was to make monthly payments after the house was completed, but that Holiday Homes never did complete the job, and that he had to spend large sums for completion of electrical and plumbing work. He also testified that before this garnishment was filed he was confronted with a suit in Maryland, brought by a trustee purporting to act for creditors of Holiday Homes, to enforce a mechanic's lien against his property. Through counsel he negotiated a settlement of that suit, based on the amounts he had theretofore put into the deal.

Garnishee was the only witness at the trial and his testimony was uncontradicted. It is unnecessary to discuss the various contentions of appellant, or appellee's contention that the garnishment had lapsed by reason of plaintiff's long inaction. It is suf-

---

* The appeal had been previously argued, and an opinion was filed November 10, 1959; however, after motion for rehear- ing, we ordered that the opinion be withdrawn and that the appeal be reargued.

ficient to say that the trial judge was justified in ruling in favor of garnishee.

Plaintiff assigns as error the admission of evidence and the overruling of his motion for new trial. Our study of the record satisfies us that these rulings were not erroneous.

Affirmed.