Alec A. PEIKIN, Appellant,

v.

Chancellor WILLIAMS, Appellee.

No. 2655.

Municipal Court of Appeals for the District of Columbia.

Submitted Oct. 31, 1960.

Decided Jan. 19, 1961.

---

**356**

James P. Donovan, Washington, D. C., for appellant.

James K. Foley, Silver Spring, Md., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

HOOD, Associate Judge.

In Peikin v. Williams, D.C.Mun.App., 157 A.2d 809, we affirmed a judgment in favor of Williams, a garnishee. That judgment had been entered after trial on a traverse to the garnishee's answer. After our affirmance Williams moved in the trial court for an allowance of attorney's fees and costs.[1] The trial court awarded him attorney's fees of $300 and costs of $25.35. This appeal attacks that award.

It is first argued that it was error to allow any counsel fees. It is claimed that the legal services were furnished the garnishee by a third party and that the garnishee never incurred any obligation to pay for those services. The trial court found this claim unsubstantiated, and we cannot say such finding was error. It is also claimed that the garnishment was issued and pursued in good faith and that this should prevent the award of counsel fees. While good faith in the issuing of a garnishment and traversing the answer thereto may be taken into consideration in fixing a reasonable counsel fee, we find nothing in the statute which makes good faith an absolute bar to the grant of counsel fees.

It is next argued that the amount awarded for counsel fees was unreasonably large. The main ground for this argument is that the attachment was for only $600 and that an award of 50% of the amount as counsel fees constitutes a penalty against the losing party. In our view the award

1. Under Code 1951, § 15–309, when the issue on a traverse is found in favor of a garnishee, "the plaintiff shall be adjudged to pay to the garnishee, in addition to his taxed costs, a reasonable counsel fee."

was rather generous, but we cannot say it was so overly generous as to be unreasonable.

■ Finally, it is argued that there was no legal basis for the award of costs of $25.35. We agree. This amount represented cost of "a copy of the transcript to prepare for the appeal." The statute allows recovery of the "taxed costs." In Adlung v. Gotthardt, 103 U.S.App.D.C. 195, 196, 257 F.2d 199, 200, it was said: "The assessment of costs is, in part, a matter governed by statute; in part by usage." [2] We know of no statute or practice which authorizes the cost of a copy of a transcript used in preparing for an appeal to be taxed as costs. It was error to include this item in the judgment.

The judgment is modified by reducing it to $300 and as so modified is affirmed.

2. See also Thompson v. Clark, D.C.Mun.App., 64 A.2d 166.