**HOLLYWOOD CREDIT CLOTHING CO.,**
Inc., a corporation, Appellant,

v.

**AUTOSCOPE, INC., Appellee.**

No. 3288.

District of Columbia Court of Appeals.

Argued July 8, 1963.

Decided Sept. 17, 1963.

Paschal R. La Padula, Washington, D. C., for appellant.

1. Code 1961, § 15–314.

Nathan L. Silberberg, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellant obtained a judgment against Ethel M. and John Manyette and caused a garnishment to be issued against "Sure Fit Seat Covers Inc." The garnishment was left at one of the branches of Autoscope, Inc., which does business under the name of "Sure-Fit Seat Cover Center." Autoscope, through its office manager, answered the garnishment, stating that John Manyette was employed by it at a salary of $60 a week.[1] In answering however, the office manager merely signed his name and indicated his office, but did not name Autoscope or indicate in any way that the answer was that of Autoscope. On its face the answer purported to be that of Sure Fit Seat Covers Inc.

Thereafter Autoscope, Inc., mailed its check dated November 14 for $42 to appellant in compliance with the garnishment and the check was deposited November 27. But on November 21 appellant filed a motion for "judgment of recovery" against Sure Fit Seat Covers Inc. "for failing to remit moneys" under the garnishment.[2] Autoscope, appearing "specially," opposed the motion, alleging that the garnishment had been left at its office and its office manager had promptly filed a return, that it had withheld $42 from the judgment debtor's wages and had remitted that amount to appellant. In addition to opposing the motion Autoscope sought the following relief: (1) Determination of whether the garnishment "addressed to a non-existent corporation" was valid, and, if not valid, an order requiring appellant to refund Autoscope the $42 previously paid; and (2) an order requiring appellant to pay Autoscope a reasonable counsel fee for services in opposing the motion.

2. Code 1961, § 15–317.

734

The trial court entered an order requiring appellant to pay Autoscope an attorney's fee in the sum of $100 and also requiring appellant to refund $42 to Autoscope. Appellant assigns as error the granting of the attorney's fee.

 Much of the confusion in this case results from carelessness of both parties. Appellant ought not to have issued a garnishment against Sure Fit Seat Covers Inc., a non-legal entity. When the garnishment was answered by Autoscope, it ought to have made clear that the answer was that of Autoscope and not that of Sure Fit Seat Covers. But when Autoscope, without objecting to the form of the garnishment, answered it, any defect in the garnishment respecting the name of the garnishee was waived. Having answered, Autoscope was in the case as a proper garnishee.

Although the record is not crystal-clear, it appears reasonably certain that when appellant filed its motion for judgment against Sure Fit Seat Covers for failure to remit under the garnishment, it had already received the check for $42 from Autoscope. Filing such a motion would appear to have been pure carelessness on the part of appellant, although it may have been due in part to Autoscope's failure to place its name on the answer to the garnishment.

The question here resolves itself to this: Where a judgment creditor wrongfully moves for judgment against a garnishee, is the garnishee, on successfully opposing the motion, entitled to an award of a counsel fee? Such an award cannot be made unless there is statutory authority for it. The only statutory authority for an award of counsel fee to a garnishee on an attachment after judgment[3] is found in Code 1961, § 15–309, which provides that if a plaintiff files a traverse to a garnishee's answer, the issue thereof shall be tried and

if the issue is found in favor of the garnishee, "the plaintiff shall be adjudged to pay to the garnishee, in addition to his taxed costs, a reasonable counsel fee."[4] In the present case the plaintiff did not traverse the garnishee's answer and consequently there was no trial on any issue made by a traverse, and there was no authority for the award of the counsel fee.

As the validity of the order requiring the repayment of the $42 is not questioned by appellant, we do not pass upon it. The portion of the order granting an attorney's fee is reversed.

3. Both parties in their briefs discuss Code 1961, § 16–329, but that section concerns attachments before judgment and has no application here.

4. See Peikin v. Williams, D.C.Mun.App., 167 A.2d 355.