### GAZAN v. VADSCO SALES CORPORATION et al.
### No. 6992.

District Court, E. D. New York.

Jan. 15, 1934.

Hayes & Sullivan, of New York City, for plaintiff.

David L. Podell, of New York City, for defendant Vadsco Sales Corporation.

MOSCOWITZ, District Judge.

This is a motion made by the defendant Vadsco Sales Corporation for an additional allowance of costs toward the payment of counsel fees incurred by it.

This is an action in equity by a stockholder, holding 200 shares of common stock out of 1,017,375 shares outstanding, charging fraud and mismanagement of the Vadsco Sales Corporation.

The plaintiff requests an injunction and the appointment of a receiver, and the usual relief asked for by stockholders in such actions.

The plaintiff testified that he had never read the complaint, did not know what it contained, and was unaware of the charges made over his name in the complaint against the defendant corporation; that he had not contributed to the expenses of the litigation; that he did not know any of the information that was contained in the complaint, nor did he give such information to the plaintiff's attorney, nor did he know in what manner his counsel obtained the information for the purposes of preparing the complaint.

Apparently the plaintiff gave the use of his name to others for the purpose of instituting this action. This action was brought without any basis, and was vexatious and oppressive. It was brought solely for the purpose of annoying and harassing the defendant corporation and its business.

This court in an equity action has inherent power to grant an additional allowance of costs as between client and solicitor. Such costs may be awarded where fraud and misconduct have been charged, and not sustained when the suit was brought without any basis and was vexatious and oppressive. Guardian Trust Company v. Kansas City Southern Ry. Co. (C. C. A.) 28 F.(2d) 233, and cases therein cited.

Plaintiff in bringing this action has been engaged in a fishing expedition in waters in which he was not familiar as he testified he had not even read the complaint, did not know its contents, or anything about the facts alleged. Every fisherman, including novices, realizes that any one who contemplates a fishing trip must be prepared to pay the expenses. While the expenses of the defendant largely exceed the sum of $5,000 paid for its counsel in defending this unfounded action, the plaintiff will not be charged with that sum, but he should at least pay for the bait, which is fixed at $2,000.

Settle order on notice.