375 F.2d 123
 Charles SCHWARTZMAN and Mary Schwartzman
v.
TENNECO MANUFACTURING COMPANY (Surviving Corporation After
Merger of Cary Chemicals, Inc., With and Into
Tenneco Manufacturing Company) and
Tenneco Corporation.
Hyman L. Rutman, Appellant.
Jack PALLATZ
v.
TENNESSEE GAS TRANSMISSION COMPANY, Tenneco Manufacturing
Company, Tenneco Corporation and Cary Chemicals, Inc.
Hyman L. Rutman, Appellant.
 Nos. 16067, 16068.
 United States Court of Appeals Third Circuit.
 Argued Feb. 7, 1967.
Decided March 31, 1967.
 
 Samuel Kalmanash, New York City (Hastings, Taylor & Willard, Dorsey & Dorsey, Wilmington, Del., on the brief), for appellant.
 Henry M. Canby, Wilmington, Del. (Richard J. Abrams, Richards, Layton & Finger, Wilmington, Del., Leslie Kersch, New York City, on the brief), for appellees Tenneco Mfg. Co. and Tennessee Gas Transmission Co.
 Spencer Pinkham, New York City (S. Samuel Arsht, Morris, Nichols, Arsht & Tunnell, Irving Morris, David A. Drexler, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., Colton & Pinkham, Milton Paulson, Abraham L. Pomerantz, Pomerantz, Levy, Haudek & Block, New York City, on the brief), for appellees Schwartzman and Pallatz.
 Before HASTIE, FORMAN and SMITH, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 This appeal has been taken from a final order approving a compromise and settlement of certain litigation and dismissing the complaints accordingly. The original plaintiffs were minority stockholders of a corporation who believed that the corporation had been treated unfairly in certain intercorporate agreements and a subsequent merger. After considerable litigation the original plaintiffs joined in the proposed settlement. However, the appellant, an intervening minority stockholder, objected to the proposed settlement and now challenges the order confirming it.
 
 
 2
 The principal contention now is that the appellant was not permitted to introduce evidence at the hearing during which the court entertained argument for and against the confirmation of the settlement. The record does not substantiate this contention. The appellant did not at any time call a witness to the stand or make any specific tender of proof or object to any ruling concerning evidence. The appellant's present contention is based solely on a statement by the court during the hearing on the proposed settlement that 'we are not going to try the case here'. This is an insufficient basis for a charge that the appellant was not permitted to present any testimony.
 
 
 3
 On the merits the record does not establish that the settlement was inequitable or that its judicial confirmation was error.
 
 
 4
 The judgment will be affirmed.