RESEARCH CORPORATION, Plaintiff-Appellee,

v.

ASGROW SEED COMPANY, Asgrow Seed Company International, Asgrow Kilgore Company and United Hagie Hybrids, Inc., Defendants-Appellants.

No. 18333.

United States Court of Appeals, Seventh Circuit.

May 5, 1970.

Walther E. Wyss, Chicago, Ill., for appellants.

Clyde F. William, Robert L. Harmon, Chicago, Ill., for appellee.

Before SWYGERT, Chief Judge and KILEY and KERNER, Circuit Judges.

PER CURIAM.

This is an appeal by defendants, Asgrow Seed Company, Asgrow Seed Company International, Asgrow Kilgore Company, and United Hagie Hybrids, Inc., from a consent judgment of patent validity and infringement rendered in favor of plaintiff, Research Corporation. Research has moved to dismiss the appeal on the ground that defendants, as members of a class under Fed.R.Civ.P. 23, have no right to appeal. After consideration of the record and the briefs of both parties, we dismiss the appeal.

The facts are not in dispute. In 1963 Research sued Pfister Association Growers, Inc. for infringement of U. S. Patent No. 2,753,663 which claims a method for producing hybrid seed corn. Subsequently, additional defendants were added and the complaint was amended to allege a violation of the antitrust laws. Trial was held on the infringement issue in 1966 and, after an impartial expert filed a report covering technical matters, the case was taken under advisement by the court in 1968.

Shortly thereafter, Research commenced the instant infringement action on the same patent, naming six companies as defendants and as representatives of a class consisting of all those who had allegedly infringed the patent. Under the local district court rule this case was assigned to the district judge who conducted the trial in the first infringement action. On December 30,

1968 the cases were consolidated and on February 19, 1969 Research filed an amended complaint which named several additional defendants and alleged both infringement and antitrust counts. The appellants, although members of the defendant class, were not among the named defendants.

In April 1969 the named defendants moved to dismiss the complaint on the ground that the case could not properly be maintained as a class action. The motion was denied by the court.[1] On August 8, 1969 the members of the defendant class, including appellants, received notice of the class action in compliance with Fed.R.Civ.P. 23(c).

On September 6, 1969 Research mailed copies of a September 4 court order to members of defendant class announcing the agenda for a hearing on September 15, 1969 and scheduling another hearing for September 16 to discuss possible settlement terms. At no time did appellants ask for exclusion from the binding effect of a judgment against the class in the antitrust action or seek intervention as a party defendant.[2] Subsequently, Research, the named defendants, and various class members negotiated, drafted and approved various settlement documents. Notice, in compliance with Fed.R.Civ.P. 23(e),[3] was sent to all class members informing them of the proposed settlement. On January 22, 1970 a hearing was held at which time a consent judgment was entered. Over

eighty class members filed consent forms and all of the named defendants executed the consent judgment order. Appellants raised no objection to the consent judgment and took no action until after the settlement negotiated by the parties had been approved by the district court. This is conceded by appellants whose answer to the motion to dismiss their appeal is substantially that it would have been futile to take such steps.

 Judgments rendered in class actions conducted under Fed.R.Civ.P. 23(b) (1) and (b) (2) will bind non-party class members, Smith v. Alleghany Corp., 394 F.2d 381 (2d Cir.1968), including persons who have intervened or objected, Schwartzman v. Tenneco Manufacturing Co., 375 F.2d 123 (3d Cir. 1967). In order to insure that the interests of non-party class members are protected, Fed.R.Civ.P. 23(e) requires notice to class members of a proposed settlement or compromise and court approval of settlements or dismissals. If a class member intervenes or even appears in response to a notice pursuant to Fed. R.Civ.P. 23(e) and objects to the dismissal or compromise, Cohen v. Young, 127 F.2d 721, 724 (6th Cir.1942), he has a right to appeal from an adverse final judgment. J. Moore, 3B Federal Practice ¶ 23.80 [5] at 23–1557 (2d Ed.1969). However, in order to encourage or even to permit settlement, a person in disagreement with the terms of a settlement

---

1. The court held that the infringement action could be maintained as a class action under Fed.R.Civ.P. 23(b) (1) (A), (b) (1) (B), or (b) (2) and that the antitrust action could be maintained against the defendant class under Fed.R.Civ.P. 23(b) (3). The district court's decision is reported at Research Corporation v. Pfister Associated Growers, 301 F.Supp. 497 (N.D.Ill.1969).

2. The record shows Carl A. Randles, Jr. of Kalamazoo, Michigan was present as an observer at the September 15 hearing. Research maintains that Randles is an attorney for Upjohn Company of Kalamazoo, the parent company of appellants, that he received various communications concerning settlement negotia-

tions, and that through correspondence he participated in achieving settlement. We need not consider the factual questions concerning the degree of participation by appellants in the settlement hearing and negotiations since the failure of appellants formally to intervene, after receipt of notice under Fed.R.Civ.P. 23 (e) before final judgment forecloses their right to appeal.

3. Fed.R.Civ.P. 23(e) reads:
 *Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

must take, at least, these minimal steps to preserve his right to appeal. Accordingly, since appellants had both actual and constructive knowledge of the settlement and since they took no steps to object to the settlement prior to the entry of judgment, the appeal must be dismissed.