RESEARCH CORPORATION, Plaintiff,

v.

PFISTER ASSOCIATED GROWERS,
INC., et al., Defendants.

Civ. A. Nos. 63 C 597, 68 C 1081.

United States District Court,
N. D. Illinois, E. D.

Nov. 9, 1970.

Clyde F. Willian, James P. Hume and Robert L. Harmon, Hume, Clement, Hume & Lee, Chicago, Ill., for plaintiff Research Corporation and party defendant Paul A. Mangelsdorf.

Erwin C. Heininger and Burton E. Glazov, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., for defendant Cargill, Inc. George E. Howell, Tenney, Bentley, Howell, Askow & Lewis, Chicago, Ill., for defendants Moews Seed Co., J. Robert Huey, American Seed Trade Association, and William Heckendorn.

Walther E. Wyss and Warren D. McPhee Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., for defendants Pioneer Hi-Bred Corn Company, Pfister Associated Growers, Inc., John P. Case, Lewis Camp, W. R. Grace & Company, Arthur Walter Seed Company, Naperville Seeds, Inc., Hughes Hybrids, Inc., Earl Hughes and Robert Hughes.

H. Blair White, Arthur F. Staubitz and William G. Schaefer, Jr., Sidley & Austin, Chicago, Ill., for defendants DeKalb Ag Research, Inc., Thomas Roberts.

## MEMORANDUM ON MOTION FOR ATTORNEY FEES

ROBSON, Chief Judge.

The plaintiff moves this court for an order pursuant to 35 U.S.C. § 285 for its attorney fees incurred as a result of an appeal instituted by the defendants Asgrow Seed Company, Asgrow Seed Company International, Asgrow Kilgore Co., and United Hagie Hybrids, Inc. ("Asgrow companies"). For the reasons stated below, this court is of the opinion the motion should be granted.

The facts relevant to the plaintiff's motion, as set forth in this court's opinion denying the motion of the Asgrow companies for an order staying the con-

sent judgment approved and entered by the court on January 22, 1970, are as follows:

"The record in this matter indicates that the appeal in question is frivolous and taken in bad faith. The Asgrow companies had notice of this class action. At no time prior to filing the notice of appeal herein did the Asgrow companies appear, object, move to intervene or otherwise move or communicate with this court in any manner, either orally or in writing, despite repeated invitations and opportunities to do so. Furthermore, counsel of record for the Asgrow companies was, throughout all the proceedings herein, counsel for several of the named defendants in this action and performed as lead counsel for all of the named defendants, not only during the trial of cause No. 63 C 597, but throughout the negotiations for settlement and settlement of this class action.

"During the settlement negotiations, counsel for the Asgrow companies and the other defense counsel transmitted to this court an offer of settlement. *All of the defense counsel, including counsel for Asgrow, represented that if the offer were accepted by the plaintiff nothing would be done by them to undermine the settlement.* It was further represented by all defense counsel that they would promote and work toward compliance with the terms of the settlement by all members of the class.

"After determining that the terms of the offer were in the best interests of all parties, this court transmitted the offer to the plaintiff. The aforesaid representations and assurances of the defense counsel were likewise transmitted to the plaintiff. Indicating its reliance on those representations and assurances, plaintiff accepted the offer which constituted a compromise from what it had previously indicated it was willing to accept. Thereafter, counsel for the Asgrow

companies assisted in preparation of the Judgment for Class Defendants, the order from which the Asgrow companies now appeal. After obtaining the approval of plaintiff, the Judgment for Class Defendants was submitted to this court.

"Notice of the Judgment for Class Defendants and its proposed entry was sent by plaintiff at the direction of the court to the members of the class. Counsel for plaintiff has represented, and it remains undenied, that the notice was sent prepaid to the Asgrow companies. The Asgrow companies made no objection to the entry of the Judgment for Class Defendants.

"Prior to the entry of the Consent Judgment Order and the Judgment for Class Defendants, counsel for the Asgrow companies joined the other defense counsel in requesting that this court enter a finding that the orders and decrees entered as a part of the setttlement of this action were in accordance with the preponderance of evidence of record, with specific regard to all patent and antitrust defenses which had been raised. Such a finding was drafted by defense counsel, submitted to the court, and entered with the approval of plaintiff and the court." Research Corporation v. Pfister Associated Growers, Inc., 310 F.Supp. 1377, 1378–1379 (N.D.Ill. 1970).

This court stayed imposition of sanctions upon the Asgrow companies for their bad faith conduct until disposition of the appeal in question. One month later, on May 5, 1970, the United States Court of Appeals dismissed the Asgrow companies' appeal, stating in a brief *per curiam* opinion that "* * * since appellants had both actual and constructive knowledge of the settlement and since they took no steps to object to the settlement prior to the entry of judgment * * *" their right to appeal was foreclosed. Research Corporation v. Asgrow Seed Company, 425 F.2d 1059, 1061 (7th Cir. 1970).

■■ Reasonable attorney fees may be awarded in exceptional cases to the prevailing party. 35 U.S.C. § 285. Bad faith conduct by a party is sufficient to warrant treatment as an "exceptional case" under the statute. *E. g.*, P & D Sales & Mfg. Co. v. Winter, 334 F.2d 830, 836 (7th Cir. 1964) ; Photon, Inc. v. Eltra Corporation, 308 F.Supp. 133, 146 (N.D.Ill.1969). Here, the plaintiff was induced to accept the terms of the compromise settlement offer by representations that this litigation and its consequential legal expenses would be at an end. The promised bargain was not realized by the plaintiff because of the Asgrow companies' almost immediate collateral attack upon the consent judgment once it was approved and entered by this court. As a direct result, the plaintiff sustained unforeseen legal expenses in seeking to preserve and enforce the settlement agreement to which the Asgrow companies had silently acquiesced during negotiations and hearings prior to entry of the final order. The court therefore concludes that the conduct of the Asgrow companies demonstrates sufficient bad faith to warrant an award of attorney fees to the plaintiff. The reasonable amount of such fees shall be determined by the court after a hearing on that issue.

It is therefore ordered that the plaintiff's motion for attorney fees be, and it is hereby granted.