Rufus SHULL and wife, Mrs. Bobbie Shull, Parent and Next Friend of Desiree Shull, on Behalf of Desiree Shull, etc., et al., Plaintiffs,

v.

The COLUMBUS MUNICIPAL SEPARATE SCHOOL DISTRICT et al., Defendants.

Civ. A. No. EC71–126S.

United States District Court,
N. D. Mississippi, E. D.

Feb. 25, 1972.

Robert B. Prather, Columbus, Miss., for plaintiffs.

Shields Sims, Columbus, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action was filed on August 30, 1971 by Rufus Shull and his wife, Mrs. Bobbie Shull, residents of the Columbus Municipal Separate School District (school district), as next friend for and on behalf of their daughter, Desiree Shull (plaintiff), an unwed mother of school age. The action was filed as a class action for the benefit of all other unwed mothers similarly situated. The complaint alleges that plaintiff and other members of her class are being denied the privilege of attending schools in the district because of a school policy which denies unwed mothers the right to attend the schools of the district.

The action has been submitted to the court on the record which includes stipulations of facts. It is on the record and stipulations that the court arrives at the conclusions hereinafter contained.

The plaintiff resides with her parents within the school district. Plaintiff, at the time of the filing of the complaint, was academically eligible to enroll as a student in the tenth grade at Caldwell High School, one of the high schools operated by the school district, for the scholastic year 1971–1972. Before the beginning of the school year, plaintiff and her parents were advised orally by school authorities that plaintiff would not be permitted to attend school because of a policy theretofore adopted by the board of trustees of the district that no female student who is an unwed mother is permitted to attend the schools of the district.

The policy aforesaid has been the subject of a previous action in this court, Smith v. The Columbus Municipal Separate School District, No. EC 71–3–K (Order dated January 15, 1971). In *Smith,* Chief Judge William C. Keady, speaking for the court, held that the policy of the district refusing to allow unwed mothers to attend the schools of the district, without recourse, denied the aggrieved party the protection granted by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

Judge Keady's order in *Smith* preliminarily enjoined the school district from enforcing the policy against the plaintiff in that action and directed the school district to admit the plaintiff to the schools, subject, however, to a due process hearing to determine whether the plaintiff was "so lacking in moral character that her presence in the public school would taint the education of other students." Should the school district elect to have such a hearing, Judge Keady directed the district to furnish plaintiff "with written specifications of charges" upon which the district relied to render the plaintiff so lacking in moral character as to taint the education of other students. The order also provided:

> "That such a hearing, if held, shall be for the purpose of determining whether the use plaintiff here involved is so devoid of character and morals as to render her unfit to be a part of the student body of the school to which she would otherwise be entitled to attend and a source of contamination of the students with whom she might come in contact; and the fact that use plaintiff may be an unwed mother shall not, of itself, constitute sufficient cause to sustain a finding by the school authorities that she is unfit to attend public schools."

After the entry of the order the parties were given the right to file briefs with the court on the point at issue.

The file in *Smith* reflects that no further action was taken in the case until an agreed order was entered by Judge Keady dismissing the suit as being moot because the school district had admitted the plaintiff to its schools and had dropped all charges against her.

When the school board orally informed plaintiff in the action sub judice that she would not be admitted to school for the 1971–1972 scholastic year because she was an unwed mother, plaintiff and her parents employed counsel to represent them.

Plaintiff's counsel thereupon requested the board to recognize Judge Keady's holding in *Smith* and admit plaintiff to school, or provide her with the due process hearing set forth by Judge Keady in *Smith.*

Plaintiff was advised that she and her parents would be accorded a hearing before the board of trustees. The board did not furnish plaintiff with written specifications of charges upon which the school district relied to render plaintiff so lacking in moral character as to taint the education of other students with whom she might come in contact, as Judge Keady's order contemplated. Instead, the board relied solely on the charge that plaintiff was an unwed mother and, being such, that her presence at the school would taint the educational process of other students. The board denied plaintiff admittance to the school for this sole reason, despite the fact that Judge Keady in *Smith* had stated that the school district could not deny a student the right to attend the schools of the district solely because such student might be an unwed mother, because such action denied the student rights guaranteed by the equal protection clause of the Fourteenth Amendment.

Judge Keady made it clear in *Smith,* as the writer of this decision has made it plain in Perry v. Grenada Municipal Separate School District, 300 F. Supp. 748 (N.D.Miss.1969) that students

may not be excluded from the schools of a school district for the sole reason that they are unwed mothers.[1]

After receiving notice from the board that she would be excluded from the schools of the district because of the unwed mother policy, plaintiff filed the action sub judice seeking injunctive relief and allowance of an attorney's fee.

The board denied the request of two other female students, similarly situated with plaintiff, at the same board meeting at which plaintiff's request was considered and denied. The stipulation filed herein shows that since the beginning of the scholastic year 1971–72, as the result of the order previously entered herein, defendant board, on its own initiative, has admitted 23 unwed mothers to its school system, and, presently there are 11 unwed mothers attending schools within the district.

The court emphasizes the fact that the record in the action sub judice shows, without contradiction, that plaintiff and the two other students mentioned above, were denied admittance to the schools of the district for the sole reason that they were unwed mothers. The board did not charge plaintiff or either of the other students with misconduct other than they were unwed mothers.

The court heard plaintiff's motion for a preliminary injunction on stipulation of the parties and argument of counsel, and, at the conclusion of the hearing, the court granted plaintiff's motion and preliminarily enjoined the school district to forthwith admit plaintiff to the schools of the district. The school district has since made it known to the court that the other two students involved in the August 23, 1971 hearing have been readmitted to the school.

■ This court has held in *Smith* and *Perry* that a policy such as the one adopted by the school board in the case sub judice is unconstitutional and violates the equal protection clause of the Fourteenth Amendment. Consequently, the court finds that plaintiff is entitled to the relief for which she prays.

The court's holding makes it unnecessary to determine the issue of whether the action sub judice is one properly to be considered as a class action, pursuant to Rule 23, F.R.Civ.P., for the reason that all students in plaintiff's class will benefit from the court's adjudication that the policy in question is unconstitutional and the restraint placed upon its enforcement by the school district.

There remains for the court's decision the propriety of the allowance of an attorney's fee for the plaintiff's attorneys.

It is difficult for the court to understand why after *Smith,* the school board held the opinion that the board was at liberty to continue to enforce the unwed mother policy.

■ A different situation would be presented had changes of other misconduct on the part of plaintiff been placed against plaintiff by the board. Such is not the case, however. The only charge against plaintiff was that she was an unwed mother. For this reason alone the board should not have denied plaintiff the right to attend the schools of the district. To do so, the board acted directly contrary to Judge Keady's holding in *Smith.* In the opinion of the court, the action of the board was arbitrary and an allowance of fees is proper.[2]

An order will be entered restraining defendants from enforcing the unwed mother policy as such now exists in the schools of the district, and awarding plaintiff the costs of the action, including an attorney's fee of $1,500.00, which allowance shall include telephone and mileage expenses. The filing fee and the costs of service of summons by the Marshal's Office shall be taxed as part of the general costs of the suit, which shall be taxed against defendants.

1. 300 F.Supp. at 753.

2. See, Bell v. School Board of Powhatan County, Virginia, 321 F.2d 494 (4th Cir. 1963) ; Walker v. Columbia Broadcasting Systems, Inc., 443 F.2d 33 (7th Cir. 1971) ; and Kinnear-Weed Corporation v. Humble Oil and Refining Co., 441 F.2d 631 (5th Cir. 1971).