**F. W. BERENS SALES CO., INC.,**
**Appellant,**

v.

**Geraldine McKINNEY et al., Appellees.**

**No. 7132.**

District of Columbia Court of Appeals.

Argued Aug. 23, 1973.

Decided Oct. 19, 1973.

Leonard C. Collins, Washington, D. C., for appellant.

B. Michael Rauh, Washington, D. C., with whom Martin Shulman, Washington, D. C., was on the brief, for appellees.

Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.

KERN, Associate Judge:

Appellant, having served a notice to quit upon each of the appellees who are tenants in the so-called Tiber Island and Carrollsburg Square apartment complex, filed suit for possession of their particular apartments in accordance with the summary procedure provided by D.C.Code 1973, § 45–910. The trial court, after hearing testimony from an official of appellant (the management agent for the owners of the development) and from one of the appellees, denied appellant's request for possession on the ground that were appellant granted the relief it sought other litigation in the Superior Court between these same parties already in progress but not yet finally determined would be undermined.

The pending litigation to which the trial court in this case referred is Rosenthal v.

**602**

Tiber Island Corp., Super.Ct. Civil Action No. 4237–72 (*Rosenthal*). In *Rosenthal*, one of the appellees here brought an action challenging the lawfulness of rental increases imposed generally at Tiber Island and Carrollsburg Square. The suit then became by order of the Superior Court a class action on behalf of all the tenants of these apartments which are federally insured. *Rosenthal*, by consent of counsel, is being held in abeyance until the determination of an appeal, argued before but not yet decided by the District of Columbia federal circuit court. Tiber Island v. Romney, U.S.App.D.C. Docket No. 71–1931. The issues presented there are relevant to and, arguably (Tr. at 65–66), dispositive of the *Rosenthal* case.

There was testimony that appellees in this case, who were among the plaintiffs in the *Rosenthal* case, had tendered payment to appellant of the *entire* amount of the increased monthly rental for their apartments (which increase was the subject matter of their suit in *Rosenthal*) but had written on their checks "Paid under protest." Their reason for doing so was to avoid any possible contention by the landlord in *Rosenthal* that they had waived their right to challenge the rent increase by having paid it without noting any objection.[1] Appellant's witness testified that while the notation of protest on rental payment checks did not in any way cast doubt on their negotiability, the checks would not be "good" as far as the landlord was concerned (Tr. at 50). The witness went on to say that the landlord would accept as valid payment any checks preferred by appellees without a protest notation. (Tr. at 53.) The trial court concluded that appellees' concern over the possibility of mooting or otherwise undermining their claim in *Rosenthal* was justified and de-

nied appellant's request for possession of appellees' apartments on the ground that its action, if successful, would unduly impinge upon the *Rosenthal* litigation pending in the Superior Court.

█ We are of opinion that upon the particular facts and circumstances here the trial court's ruling was correct. Appellant vigorously contends that the trial court's decision, if not overturned, will impair its "right" to do with its property as it pleases, but a court has a responsibility to preserve its own jurisdiction by maintaining the status quo and we view the court's decision here as consistent with that duty.[2] Appellant argues that since appellees in these summary suits for possession could have but did not put into issue the lawfulness of the rent increase, the trial court erred in taking into consideration *that* issue in *this* case. We view *Rosenthal*, however, as so intertwined with this case as to justify the trial court's consideration of the rent increase in that litigation in refusing to grant appellant the summary relief it sought here.

██ We turn now to appellant's contention that the trial court erred in awarding appellees "reasonable attorneys' fees." It is well settled in this jurisdiction that counsel fees are not generally allowed the prevailing party as damages or costs. Continental Ins. Co. v. Lynham D.C.App., 293 A.2d 481 (1972). Professor Moore has pointed out that a trial court "may" award attorney's fees "where an unfounded action . . . is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons." 6 J. Moore, Federal Practice ¶ 54.77 [2], at 1709 (1972 ed.). The Supreme Court has deemed appropriate an award when "the very temple of justice has been defiled." Universal Oil Prods.

---

1. In certain other landlord-tenant cases heard and determined recently in the Superior Court, tenants had paid rent increases to their landlords without noting any protest on their checks and the court in these cases had deemed such payments to constitute consent on their part to the rent increases.

2. The trial court specifically found that appellant's subjective purpose in initiating the suit was to undermine existing litigation and to frustrate the tenants' efforts to protect their rights to ultimate redress should they prevail in *Rosenthal* (R. at 24).

Co. v. Root Ref. Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946).

Specifically, the award of counsel fees has been upheld where a "powerful" labor union as a bargaining agent for "plaintiffs of small means" failed to protect their interests, Rolax v. Atlantic Coast Line R. Co., 186 F.2d 473, 481 (4th Cir. 1951); Where a school board failed to admit the plaintiffs as pupils solely because they were unwed mothers after a court had already held in another case in which the very same school board was a party that such reason was improper, Shull v. Columbus Municipal Separate School Dist., 338 F.Supp. 1376, 1378 (N.D.Miss.1972); where a plaintiff brought a stockholder suit alleging fraud and mismanagement without reading his complaint or knowing anything about the facts he had alleged, Gazan v. Vadsco Sales Corp., 6 F.Supp. 568 (E.D.N.Y.1934); and, where defendant induced the plaintiff to enter into a compromise settlement of his lawsuit and then collaterally attacked the consent judgment after it had been approved and entered by the court, Research Corp. v. Pfister Associated Growers, 318 F.Supp. 1405, 1407 (N.D.Ill.1970).

Here, the trial court specifically found that appellant's suit for possession was brought against appellees not in retaliation[3] for their membership in the Tenants Council of Tiber Island—Carrollsburg Square (R. at 17), but rather as "a subtle and sophisticated effort to coerce the defendants [appellees] into an out-of-court resolution advantageous to the plaintiff [appellant]." (R. at 20.) While it may well be that appellant sought by this suit to achieve a *tactical* advantage in its long-standing and, at times emotionally-charged (Tr. at 42–43), dispute with appellees,[4] we cannot say that appellant's suit was clearly unwarranted, or so "vexatious, wanton or oppressive" as to justify the trial court's award of counsel fees. *See* International Ass'n of Machinists, Lodge 917 v. Air. Prod. & Chem., Inc., 341 F.Supp. 874, 878 (E.D.Pa.1972) (litigation resulting from disagreement over the proper implementation of an arbitration award in a labor dispute was justified even though the award was clear and capable of implementation given the "charged environment" of labor disputes); Local 149, UAW v. American Brake Shoe Co., 298 F.2d 212, 216 (4th Cir. 1962) (lingering doubt over state of the law was justification for the litigation).[5]

Finally, we note that the trial court's order in this case not only dismissed appellant's suits for possession but went on to direct that *all* tenants in the *Rosenthal* case, whether or not they henceforth made any notations on their rent payment checks, "shall be deemed to preserve . . . the right to a refund of any increased rent judicially determined therein to be illegal or improper." (Emphasis added.) We have concern that such broad language appears literally to decide a mat-

---

3. While the trial court did characterize appellant's present suit as "retaliatory in nature," we note that the judge's phrase was used within the context of its discussion of the impact of this suit upon the pending *Rosenthal* litigation and its possible frustration of the tenants' efforts there to obtain redress.

4. Appellant's counsel acknowledged during oral argument before us that he would quite properly expect to use as a matter of defense in *Rosenthal* the fact of payment of the increased rent without protest by any plaintiff-tenant.

5. We note that if appellant henceforth were to initiate a possessory action against other tenants who tender their rent in full but with a notation of protest then such litigation, in face of the trial court's decision in this case, might well be deemed "vexatious, wanton or oppressive" and, accordingly, justify not only dismissal but constitute an exception to the general rule against allowance of counsel fees to the successful party. *See* Shull v. Columbia Municipal Separate School District, *supra*, 338 F.Supp. at 1378 ("[T]he [school] board acted directly contrary to Judge Keady's holding in *Smith*. In the opinion of the court, the action of the board was arbitrary and an allowance of [counsel] fees is proper . . . . .").

ter in the *Rosenthal* case which has yet to be heard and determined. We believe the trial court's order denying to appellant the relief it sought preserves sufficiently the status quo between the parties so as to obviate the necessity for the trial court here to go further in the disposition of other issues which appear to be for decision in *Rosenthal*.

Accordingly, we affirm the trial court's dismissal of appellant's actions for possession but reverse the trial court's order insofar as it assesses appellant with appellees' attorneys' fees.

So ordered.