578 F.2d 1313
 Orval Louis GENDRON and Muriel Margaret Gendron, husband and
wife, et al., Plaintiffs,
Maxine Rocco, Moving-Party-Appellant,
v.
SHASTINA PROPERTIES, INC., et al., Defendants-Appellees,
People of the State of California, Plaintiff in Intervention.
 No. 76-1285.
 United States Court of Appeals,
Ninth Circuit.
 July 27, 1978.
 
 James W. Funsten of Funsten & Oster, San Francisco, Cal., for plaintiffs.
 John E. Carne of Crosby, Heafey, Roach & May, Oakland, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before CHAMBERS, SMITH* and KILKENNY, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 Maxine Rocco appeals from an order of the United States District Court for the Eastern District of California (Philip C. Wilkins, Judge) denying her motion for an order allowing her claim, or alternatively establishing a sub-class to pursue the complaint. Appellant Rocco had sought recovery as part of a class of plaintiffs which claimed that it had been defrauded in the purchase of property at Lake Shastina, California.
 
 
 2
 Appellant impliedly agreed to a settlement of the action when she filed a claim for relief under the terms of the agreement. However, her claim was denied by a settlement committee, and was again rejected after a petition for rehearing. Appellant then filed a motion in the district court seeking an order granting her claim, or alternatively creating a sub-class to pursue the action. The district court denied Mrs. Rocco's motion, and this appeal followed.
 
 
 3
 We reverse the judgment of the district court for the reasons indicated below.
 
 Facts
 
 4
 Plaintiffs Orval Gendron, et al., brought suit in the district court against Shastina Properties, Inc., alleging the fraudulent sale of real property. The court granted the State of California leave to intervene on April 9, 1974. Following negotiations between the plaintiffs, defendants, and representatives of the State of California, a settlement agreement was reached.
 
 
 5
 By orders dated September 12 and September 26, 1974, the district court: (1) conditionally certified the class described in the agreement, (2) made a preliminary finding that the agreement and a Notice of Proposed Class Action Settlement were fair, (3) ordered the mailing of the notice to class members, and (4) scheduled a hearing at which class members could object to the terms of the agreement and proposed notice.
 
 
 6
 Following a hearing on November 11, 1974, the court approved the agreement and notice, reserving jurisdiction over the administration of the agreement. Appellate Rocco, a member of the proposed class, did not appear at the November 11 hearing, nor did she appeal the judgment of the district court. She did, however, file a claim for relief under the terms of the agreement, which established a "settlement committee" comprised of one individual nominated by the plaintiffs, one nominated by the defendants, and one nominated by the other two members of the committee.
 
 
 7
 Rocco's claim for relief was based, in part, on the fact that she had not been told that there would be a fee for camping on her property; it indicated further that Rocco would not have purchased the property had she known of this requirement, and that Shastina's salesman had given "a very optimistic explanation of the project without any explanation of any of the disadvantages."
 
 
 8
 The settlement committee rejected appellant's claim on the ground that it did not specify a legitimate basis for recovery. Appellant requested a rehearing, submitting allegations which tracked the language used in the agreement itself. The petition was again rejected with the explanation that all information presented by the appellant in the revised petition had been available, and should have been presented, in the initial petition.
 
 
 9
 Appellant Rocco then filed her motion in the district court. The motion was rejected, and this appeal followed.
 
 Discussion
 
 10
 On this appeal, Mrs. Rocco challenges both the substantive sufficiency of the settlement agreement and its application in her particular case.
 
 
 11
 She argues, in the first instance, that both the notice of the agreement and the terms under which the agreement was to be administered violate her due process rights. For this reason, she asserts that the agreement should not be enforced.
 
 
 12
 We do not today reach these substantive issues, however, for we have determined that they have not been raised in a timely fashion, and consequently are not properly before us on this appeal. An approved compromise under Fed.R.Civ.P. 23(e) constitutes a final adjudication of the action. See Research Corp. v. Asgrow Seed Co., 425 F.2d 1059 (7th Cir. 1970); Wright & Miller, Federal Practice and Procedure § 1802 at n. 81; 3B Moore's Federal Practice P 23.80(5). Thus the district court's order of November 11 was a "final judgment" within the meaning of Fed.R.Civ.P. 54. The appellant, having failed to perfect a timely appeal from that judgment,[1] is now precluded from challenging the adequacy of notice or the fairness of the agreement. Fed.R.App.P. 4.
 
 
 13
 We turn, then, to Mrs. Rocco's assertion that the settlement committee abused its discretion when it rejected her claim. The notice of settlement sent to every member of the proposed class reads in pertinent part as follows:
 
 
 14
 The Settlement Committee will allow each claim which otherwise qualifies for relief if the answers on the Proof of Claim disclose that an important factor in the claimant's decision to purchase a lot was a statement, a non-disclosure of fact, or a sales practice of the kind described in Appendix A hereto or alleged in any of the Complaints in this action. A claim will be disallowed if the claimant fails to state one of the above grounds for relief. . . .
 
 
 15
 (Section 6(f) at App. 192)
 
 
 16
 Appendix A to the notice, which illustrates valid claims, reads in part:
 
 
 17
 The alleged statements, undisclosed facts and deceptive sales practices include, But are not limited to, the following:
 
 
 18
 1. That a lot at Lake Shastina was a good and safe investment that could be expected to increase substantially in value.
 
 
 19
 6. That Lake Shastina was growing and maturing into a prospering, successful and populated community with numerous homes constructed or under construction.
 
 
 20
 (App. at 196; Emphasis added)
 
 
 21
 The notice did not indicate that the complaints enumerated in Appendix A were intended to be exhaustive; indeed, the clear language of the text indicates just the opposite. And nothing in the notice suggests that the settlement agreement was intended to apply to some narrow or restricted class of claims.
 
 Mrs. Rocco's claim reads in relevant part:
 
 22
 23. The thing to which I most strongly object is the requirement that I have to pay a fee when I camp on my own property. Generally I am dissatisfied with all of the arrangements which seem to favor the developer over the owner.
 
 
 23
 24. Steven B. Medoff, the salesman, failed to tell me about the requirement that I pay a fee to camp on my own property, and gave me a very optimistic explanation of the project without any explanation of any of the disadvantages.
 
 
 24
 26. I would not have bought it if Mr. Medoff had made disclosure, especially of the fee for camping on my own property.
 
 
 25
 (App. at 352-354)
 
 
 26
 While the settlement committee is appropriately vested with broad discretion in the administration of this agreement, equity insists that there be proper limits to this discretion. In the instant case, had the appellees desired to restrict the settlement agreement to some narrow class of claims, they surely could have found language suitable to the task. By indicating that fraudulent claims "include, but are not limited to" the specific claims enumerated in Appendix A, they suggest that All "undisclosed facts and deceptive sales practices," if material and fraudulent, come within the terms of the agreement, including those alleged by Mrs. Rocco.
 
 
 27
 Even if this were not the case, however, it could still be maintained that Mrs. Rocco's assertion that she was given an unrealistically optimistic assessment of the project comes within the terms of illustrations 1 and 6 of Appendix A cited above.
 
 
 28
 On either of these accounts, Mrs. Rocco's claim should have been approved by the settlement committee, and its failure to do so is inconsistent with the terms of the agreement, and an abuse of discretion.
 
 
 29
 The rejection by the committee was solely for failure to state a claim included in the settlement agreement, not lack of sufficient allegation of falsity and reliance. Accordingly, we reverse the judgment of the district court, and remand the case for entry of an order and judgment allowing appellant's claim.[2]
 
 CHAMBERS, Circuit Judge, concurring:
 
 30
 I concur but not in so limited a remand. Shastina may wish to submit documentary evidence challenging the truthfulness of Rocco's statements in her proof of claim.
 
 
 
 *
 The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 [1]
 Whether the appellant was able to appeal the district court's judgment, having failed to object to the terms of the agreement before the entry of judgment, is a separate matter which we do not reach on this appeal
 
 
 [2]
 Having reached this conclusion, we need not discuss appellant's further assertion that a sub-class should be created to represent the interests of claimants whose claims were rejected by the committee