FILED

**NOT FOR PUBLICATION**

OCT 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES SYRAN, | No. 10-55148 |
| Plaintiff, | D.C. No. 3:05-cv-00909-LAB-CAB |
| and | |
| MICHAEL COHEN, | MEMORANDUM[*] |
| Plaintiff - Appellant, | |
| v. | |
| LEXISNEXIS GROUP, a corporation; et al., | |
| Defendants - Appellees. | |

| | |
|---|---|
| MARK WITRIOL; et al., | No. 10-55149 |
| Plaintifs, | D.C. No. 3:06-cv-02360-LAB-CAB |
| and | |
| MICHAEL COHEN, | |
| Plaintiff - Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LEXISNEXIS GROUP, a corporation; et al.,

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted September 27, 2011[***]

Before:    HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Michael Cohen appeals pro se from the district court's order denying his untimely motion to modify the terms of arbitration under a class action settlement. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's enforcement of a settlement agreement for an abuse of discretion. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). We affirm.

The district court did not abuse its discretion in denying Cohen's motion because Cohen neither objected to the terms of the settlement nor appealed from the judgment settling the class action in a timely manner. *See Gendron v. Shastina*

---

[**]The parties consented to proceed before a magistrate judge for issues regarding the terms of the settlement agreement. *See* 28 U.S.C. § 636(c).

[***]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

10-55148

*Properties, Inc.*, 578 F.2d 1313, 1314-15 (9th Cir. 1978) (appellant who failed to perfect a timely appeal from a judgment settling a class action is "precluded from challenging the . . . fairness of the agreement").

Contrary to appellees' contention, the district court's order was final and appealable. *See United States v. One 1986 Ford Pickup*, 56 F.3d 1181, 1184-85 (9th Cir. 1995) (per curiam) (discussing finality rule in context of post-judgment orders).

**AFFIRMED.**