**George A. ADLUNG, Executor of the Estate of Mamie Ross, Deceased, Appellant,**

v.

**Anna E. GOTTHARDT et al., Appellees.**

**No. 14215.**

United States Court of Appeals District of Columbia Circuit.

Argued April 15, 1958.

Decided May 15, 1958.

Mr. Arthur J. Hilland, Washington, D. C., with whom Mr. Ferdinand J. Mack, Washington, D. C., was on the brief, for appellant.

Mr. Vivian O. Hill, Washington, D. C., with whom Mr. O. R. McGuire, Washington, D. C., was on the brief, for appellees.

Before PRETTYMAN, WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying appellant's motion for an assessment of certain costs against appellees. Appellees were the unsuccessful caveators in a will contest proceeding in which appellant, as executor, defended the will. See Gotthardt v. Adlung, 100 U.S.App.D.C. 393, 246 F.2d

674 (1957). As a part of that proceeding the District Court, upon request of the caveators, appointed a Collector of the assets of the estate. The Collector's commission was allowed by the District Court and paid by the estate,[1] apparently without objection from the executor. The executor now seeks to have this item, the commission of the Collector, assessed against the caveators as part of collectible costs in the will contest. The request was denied and this appeal followed.

■■ The assessment of costs is, in part, a matter governed by statute; in part, by usage. See Newton v. Consolidated Gas Co., 1924, 265 U.S. 78, 83, 44 S.Ct. 481, 68 L.Ed. 909. The executor has pointed to no statute which clearly supports his position. D.C.Code § 11-518 (1951), on which he principally relies, appears to us to give him little or no help.[2] He admits that that section has never been construed as he would have us construe it. It appears further that the immemorial practice in the District Court has been consistent with the action of the District Judge in this case— that is, not to include Collectors' commissions as assessable costs against unsuccessful caveators. It may well be doubted that the District Court had power to make the award requested by the executor, see D.C.Code §§ 11-1501, 11-1503 (1951), at least in the absence of fraud or unconscionable conduct on the part of the caveators.[3] Assuming, however, that it had the power to change the established practice and that we have a similar power, we think that considerations of public policy would weigh heavily against such a powerful deterrent to the filing of caveats to wills. Nor in the present case does there appear to be any abuse of the trial court's discretion— even assuming that an order denying an award of costs is appealable. See New-

---

1. See Brandenberg v. Dante, 49 App.D.C. 141, 261 F. 1021 (1919); Buck v. Putnam, 79 U.S.App.D.C. 295, 146 F.2d 662 (1944).

2. That section says that "The said [probate] court shall have authority to render judgment for costs against the un-

successful party in any proceeding conducted in said court and to issue execution therefor."

3. See Cahill v. Bryan, 87 U.S.App.D.C. 271, 184 F.2d 277 (1950); cf. Schlein v. Smith, 82 U.S.App.D.C. 42, 160 F.2d 22 (1947).

ton v. Consolidated Gas Co., supra. For these reasons the order of the District Court will be

Affirmed.