John PARASKEVAS, Appellant,

v.

McKEE AUTO SERVICE, INC., a corporation, Andrew Longovitis and Sophia Paraskevas, Appellees.

No. 2584.

Municipal Court of Appeals for the District of Columbia.

Argued April 12, 1960.

Decided July 19, 1960.

Rehearing Denied Aug. 8, 1960.

Arthur S. Curtis, Washington, D. C., for appellant.

Leonard C. Greenebaum, Washington, D. C., with whom Lewis Jacobs, Sidney S. Sachs and J. H. Reis, Washington, D. C., were on the brief, for McKee Auto Service, Inc., appellee.

C. William Tayler, Washington, D. C., for Longovitis and Paraskevas, appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On December 23, 1958, appellant brought an action in the Municipal Court for the District of Columbia against appellees for damages for personal injuries sustained in an automobile accident. He sought damages of $3,000, the jurisdictional limit of the Municipal Court. Answers were filed and depositions were taken on June 10, 1959 and July 1, 1959. On October 28, 1959, pretrial proceedings were had.

In the meantime appellant on July 25, 1959, filed an action in the United States District Court for the District of Columbia against appellees for damages for the same injuries growing out of the same accident. The only real difference between the two actions was that in the District Court action appellant alleged some "psychological" injuries in addition to the injuries alleged in the Municipal Court action and claimed damages of $25,000. Appellee McKee Auto Service moved to dismiss the District Court action because of the previously filed, and still pending, Municipal Court action. The other appellees also moved to dismiss on the same ground, or, in the alternative, moved that the District Court action be certified to the Municipal Court on the ground that it would not justify a judgment in excess of $3,000. On November 16, 1959, the District Court denied the motion to dismiss and certified the case to the Municipal Court.

Upon certification there were two actions pending in the Municipal Court between the same parties seeking damages resulting from the same cause. The only difference was that the first (hereinafter called the Municipal Court action) claimed damages of $3,000, and the second (hereinafter called the District Court action) claimed damages of $25,000. Faced with this situation appellees moved to dismiss the District Court action because of the previously filed Municipal Court action. Appellant in turn moved that the Municipal Court action be stayed in order that the District Court action be tried first, or, in the alternative, that the two actions be consolidated for trial in such manner as not to prejudice

**490**

the claim in the District Court action for $25,000.

The trial court denied appellant's motion to stay or to consolidate, and ordered (1) that appellant elect within ten days to dismiss either the Municipal Court action or the District Court action, such dismissal to be without prejudice to the prosecution of the remaining action; (2) that if appellant elected to dismiss the Municipal Court action he would be required to pay appellees for attorneys' fees and costs, including that of depositions, in connection with the defense of such action (these fees and costs were later determined in the amounts of $250 for appellee McKee and $250 for appellees Longovitis and Paraskevas); and (3) that if no election was made by appellant within the prescribed ten days, then the District Court action would be dismissed without prejudice to the prosecution of the Municipal Court action.

Appellant refused to make the required election and accordingly the District Court case stood dismissed. This appeal is from that dismissal.

Appellant's first argument is that it was error not to consolidate the two cases for trial. There is no merit to this contention. Consolidation is proper where there are two separate actions with a common question of law or fact; but here there were no separate actions, only one action used as the basis for two suits.

Appellant's main argument is addressed to the claim that it was error to require as a condition to electing to dismiss the Municipal Court action and proceed with the District Court action that he pay appellees $500 in counsel fees and costs.

Municipal Court Civil Rule 41(a) (2) provides that an action shall not be dismissed at plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. It is obvious that the trial court was of the opinion that if the Municipal Court action was to be dismissed by appellant in order that he could proceed with the District Court action, it was only fair that appellees be reimbursed to some extent for their costs already expended in preparation for defense of the action being dismissed. We see no abuse of discretion here. Time and money had been expended by appellees in defending an action, dismissal of which would be of little benefit to them because they then would be compelled to defend the same action with a claim for much larger damages. The filing of two suits by appellant had forced appellees for a time to defend two suits in two different courts, although there was but one cause of action. We see no error in the requirement that if appellant dismissed the Municipal Court action he should pay reasonable costs to appellees.[1]

Indeed, we feel that the trial court in giving appellant the right to elect to proceed with either of the actions, although this right was conditional, gave appellant more than he could ask as of right. Appellant had filed two actions against the same parties for the same wrong. It is a well-settled rule that the pendency of a former action in the same jurisdiction between the same parties based on the same cause of action is ground for abatement of the second cause of action. 1 Am.Jur., Abatement and Revival, § 14; 1 C.J.S. Abatement and Revival § 17. The United States District Court could, and possibly should, have granted the motion to dismiss the case filed there because of the prior Municipal Court case.[2] Instead, the Dis-

---

1. There was evidence that appellees had made out-of-pocket expenditures, exclusive of attorneys' fees, of over $300.

2. The rule that a federal court and a state court are considered courts of different jurisdictions would appear to have no application in the District of Columbia. While the District Court is a federal court it is also the court of general jurisdiction in the District of Columbia, and the District Court and the Municipal

trict Court chose to certify the case to the Municipal Court.[3]

The Municipal Court, then having before it the two actions, could well have dismissed the later action (District Court action) because of the pending prior action (the Municipal Court action); but confronted with the unusual situation created by the refusal of the District Court to dismiss and it certification to the Municipal Court, the trial court afforded appellant an opportunity to elect as to which case should be dismissed and which should be prosecuted. Appellant had no right to demand this choice of proceeding with one or the other of the cases. In its discretion the trial court gave him this choice and he cannot complain if a condition was imposed on making that choice. He refused to make an election and the second action (the District Court action) was properly dismissed.

Affirmed.

QUINN, Associate Judge (concurring only in the result).

I think the majority opinion has taken a step backward procedurally. I maintained, and am still convinced, that the order of the trial court should be reversed and appellees' motion to dismiss the certified case should have been granted. In 1896 the Court of Appeals for the District of Columbia in National Express & Transp. Co. v. Burdette, 7 App.D.C. 551, 560, stated:

"The general principle is well settled that the pendency of a prior suit between the same parties for the same cause of action or claim of right will abate a later suit, because in such a case the last is deemed unnecessary, and therefore vexatious. The reason for this rule is that the second suit is unnecessary and consequently oppressive."

I am persuaded that the logic of this reasoning continues to hold valid today.

However, the majority has departed from this well-settled principle by here condoning the practice of a litigant initiating suit in the Municipal Court for $3,000 and later, after an interim of seven months, filing the identical suit in the District Court for $25,000; then, when a motion to dismiss this latter action is denied, acquiescing in its certification to the Municipal Court. Under the procedure followed by the trial court, a plaintiff is then given the right to select the case most favorable to his interests and to proceed thereon upon the payment of costs. The majority opinion frankly states: "Appellant had no right to demand this choice of proceeding with one or the other of the cases." It further declares: " * * * the trial court in giving appellant the right to elect to proceed with either of the actions, although this right was conditional, gave appellant more than he could ask as of right." This procedure is legally wrong. I am one of those who believe that the rules of procedure should not be strained to this extent when there is no equitable justification therefor. I would vacate the order of the trial court and remand with instructions to grant appellees' motion to dismiss the certified case.

Court "belong to the same system with a common superior." Smith v. Leigh, 101 U.S.App.D.C. 225, 227, 248 F.2d 85, 87.

3. Curiously enough the District Court in certifying the case to the Municipal Court did not make the customary statement that it appeared to its satisfaction that the action would not justify a judgment in excess of $3,000, which is the only ground for transfer of a case by the District Court to the Municipal Court. Code 1951, Supp. VIII, § 11–756. See Hoffman v. Blaski, 80 S.Ct. 1084, 1089, wherein it was said: "The transferee courts could have acquired jurisdiction over these actions only if properly brought in those courts, or if *validly transferred thereto* under § 1404(a)." (Emphasis supplied.)