**Melvin PERKINS**

v.

**Samuel CINGLIANO, Sr.**

United States Court of Appeals
Fourth Circuit.

Nov. 13, 1961.

Melvin Perkins, pro se.

Morris Levine, Baltimore, Md., for appellee Samuel Cingliano, Sr.

Before SOBELOFF, Chief Judge, and SOPER and BELL, Circuit Judges.

SOBELOFF, Chief Judge.

Having been permitted by order of Judge Chesnut to sue in forma pauperis, Melvin Perkins filed his action in the District Court for the District of Maryland, claiming damages from the defendant for malicious prosecution and false arrest. Jurisdiction was asserted on the ground of diversity of citizenship, Perkins claiming that he was a citizen of Pennsylvania and the defendant a citizen of Maryland. The allegation as to citizenship was contested by the defendant, and at Perkins' request a jury was empanelled to determine the issue. The jury decided adversely to the plaintiff, saying explicitly in answer to the interrogatory submitted to it that the plaintiff was not a bona fide citizen of Pennsylvania as claimed.

The court thereupon dismissed the complaint without prejudice to new proceedings in a state court, and costs were taxed against the unsuccessful plaintiff in ac-cordance with the practice prevailing in that court, and pursuant to the provisions of the forma pauperis statute, 28 U.S.C.A. § 1915, subsection (e) of which reads as follows:

> "Judgment may be rendered for costs at the conclusion of the suit or action as in other cases and if the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States."

Perkins then moved to "set aside costs," arguing that these could not be taxed against him, since he had been allowed to "sue as a pauper." Judge Chesnut denied the motion, pointing out that under the above-cited section of the law, one who has been permitted to sue as a pauper may still have judgment for costs rendered against him as in other cases. The opinion cited two recent instances in the same court where costs were adjudged against the unsuccessful litigants after they had been allowed to sue in forma pauperis. Lowicki v. Skibs A. S. Herstein, 182 F. Supp. 585 (D.Md.1960), and Ortiz v. Greyhound Corporation, 192 F. Supp. 903 (D.Md.1959). The rule is the same elsewhere. See 20 C.J.S. Costs § 146 p. 385, and Davis v. Adams, 109 F. 271 (N.D.Cal.1901), interpreting the predecessor statute.

From this judgment of the District Court Perkins now wishes to prosecute an appeal to this court, and insists that he is entitled to do so in forma pauperis by reason of the District Court's order made at the commencement of the action. Our Clerk requests the instruction of the court.

Judge Chesnut's order allowing suit to be filed in forma pauperis was signed at the initial stage of the case, before its merits or the merit of any future appeal could possibly be appraised. His order did not grant leave to prosecute an *appeal* in forma pauperis. If there were such an order by the District Court, we would not require the appellant to obtain a further order from this court. We

would interpret the District Court's order as waiving prepayment of costs incident to the appeal, both those payable to the Clerk of the District Court for making up the record and those payable to the Clerk of the Court of Appeals as filing fees.

This case is significantly different from McGann v. United States, 362 U.S. 309, 80 S.Ct. 725, 4 L.Ed.2d 734 (1960), where the District Judge had granted the petitioner leave to *appeal*[1] in forma pauperis, and the Supreme Court held that the petitioner was entitled to have his appeal docketed without making further application to the Court of Appeals. Nor is the present situation analogous to Jakalski v. Carrick, 351 U.S. 902, 76 S.Ct. 700, 100 L.Ed. 1439 (1956), where likewise the District Court had granted leave to appeal, and this was deemed effective as to docketing fees in the appellate court. Here the Judge's permission to the plaintiff was merely to "sue." We interpret this to mean permission to prosecute the suit in his court, not to appeal, for no appeal was mentioned and presumably none was then in contemplation. It is not the practice in the District Court for the District of Maryland, or anywhere else so far as we know, to admit an indigent to the trial court without prepayment of costs and in the same order to waive prepayment of the costs on a possible future appeal. For who knows at the institution of a suit how it will prosper, and whether at its conclusion there will be the need or the disposition, or any grounds on which to seek review?

If the indigent's forma pauperis suit should be decided against him and he should wish to prosecute an appeal in forma pauperis he may then apply to the District Court. If such application is not plainly frivolous (though the judge naturally considers his ruling on the merits correct) leave to appeal as a pauper should be granted. This action will, of course, be honored by the Court of Appeals. Yet if an application to the district judge is denied, one may still be addressed to the Court of Appeals, which will grant it unless it deems the appeal frivolous.

We are convinced that this appeal is utterly without merit and frivolous in the extreme. Section 1915(e) is too plain to leave any room for doubt, and completely disposes of the petitioner's contention that costs may not be adjudged against him.

Leave to appeal in forma pauperis is therefore denied, and the Clerk is instructed to decline to docket the appeal without prepayment of the customary fee.

---

1. Although the Supreme Court's opinion recites that the petitioner had been granted leave to *proceed* in forma pauperis by the District Court, the reference is to the District Court's order granting leave to *appeal* in forma pauperis. This clearly appears from the record of the case.