Robert ALONSO, Plaintiff,

v.

**UNION OIL COMPANY OF CALIFORNIA, Defendant.**

No. 74 Civ. 4820–LFM.

United States District Court, S. D. New York.

June 16, 1976.

Paul C. Matthews, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City by William P. Kain, Jr. and James M. Hazen, New York City, for defendant.

MacMAHON, District Judge.

This action to recover for personal injuries suffered by plaintiff while serving as a seaman aboard defendant's ship was tried before the court and a jury on December 15 and 16, 1975. Plaintiff claimed that he had been injured while chipping rust from the deck with a defective chisel gun supplied by defendant shipowner. A verdict was rendered for plaintiff in the amount of $60,000.

Plaintiff now moves to tax costs in this matter in accordance with a proposed bill of costs. Defendant challenges several items on this bill.

Rule 54(d), Fed.R.Civ.P., provides in pertinent part:

> "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."

The trial court has considerable discretion in determining what items should be taxed as costs and their appropriate amounts. This is so because the imposition of costs is not intended to penalize the unsuccessful party but only to compensate the prevailing party for certain expenses which were reasonably and necessarily incurred. Above all, the court must be wary lest the threat of the imposition of costs should deter a litigant from raising what he believes to be a meritorious claim or defense. Thus, we must scrutinize each disputed item in this case to assure that only appropriate items will be assessed against defendant.

*Rental of Chisel Guns*

Plaintiff claims $50 as costs for the rental of two types of chisel guns. Defendant asserts that the costs of producing these models is not properly taxable.

We find that the introduction of the chisel guns was wholly unnecessary in this case, since plaintiff established, through testimony and photographs, the size, weight, and purpose of these tools.

A chisel gun, which functions in much the same manner as an ordinary pneumatic hammer or chisel, is not such an exotic tool that the jury would have been unable to comprehend its function, operation, and proper handling without actually touching one for themselves. In short, these models were merely cumulative of the other evidence offered, and their rental costs may not be foisted on the unsuccessful defendant.[1]

1. See 6 J. Moore, Federal Practice para. 54.-77[6] at 1738 (2d ed. 1976); *Specialty Equipment & Mach. Corp. v. Zell Motor Car Co.*, 193 F.2d 515 (4th Cir. 1952).

*Costs Incident to the Taking of Depositions*

Defendant objects to a number of items claimed as costs incident to the taking of depositions.

First, defendant asserts that plaintiff cannot tax as costs the statutory attendance fee of $20 under 28 U.S.C. § 1821, the statutory docket fee of $2.50 under 28 U.S.C. § 1923, and the expense of the stenographer for the deposition of John Knight, which was taken on July 5, 1975 in Jacksonville, Florida. It is claimed that this deposition was unnecessary to plaintiff's case, since plaintiff failed to read any part of it into the record.

Plaintiff claims that it became unnecessary to read this deposition because defendant did not seriously dispute the matters about which Knight had testified and points out that defendant's attorney, himself, read part of this deposition into the record.

■ It has been held that, as long as the taking of the deposition appeared to be reasonably necessary at the time it was taken, it is within the court's discretion to allow taxation of its costs.[2] We find, therefore, that plaintiff may tax as costs the $20 attendance fee, the $2.50 docket fee, and the expense of the stenographer in connection with the deposition of John Knight.

■ Defendant also objects that the stenographic fees were excessive since they included the costs of an original and two copies of the deposition. Since defendant's attorney was given a copy for his own use, we will allow the inclusion of these costs in this instance.

■ Plaintiff also claims as costs the travel expenses his counsel incurred in attending the depositions in Jacksonville, Florida. Defendant rightfully asserts that such expenses are not generally taxed as costs.

Plaintiff had noticed these depositions, and defendant moved by order to show cause to vacate the notice, or, in the alternative, to compel plaintiff to pay the travel expenses incurred by defendant's attorney in attending. Judge Carter entered an order on July 2, 1975 which stated simply: "Motion denied. So ordered." Plaintiff claims that at the time of this decision, there was an understanding that the travel expenses incident to the taking of these depositions would be taxable as costs by the prevailing party. Defendant denies this and claims that the understanding was that each party would bear his own travel expenses.

Ordinarily, travel expenses of counsel in attending a deposition are not taxed as costs.[3] Since these depositions occurred at the instance of plaintiff, and since Judge Carter made no reference to the taxing of costs when he rendered his decision, we shall follow the general practice and not permit plaintiff to include his counsel's travel expenses to Jacksonville, Florida.

■ Plaintiff seeks to include as costs the travel expenses and a reasonable attorney's fee for attending the deposition of Jack William Post in Houston, Texas. Defendant had noticed this deposition and plaintiff moved to vacate the notice, or alternatively, to compel defendant to pay travel expenses and a reasonable attorney's fee. We denied the motion to vacate, by order dated November 11, 1975, but stated that if plaintiff prevailed at trial, he could tax as costs his counsel's "reasonable travel expenses and a reasonable attorney fee." We did this because plaintiff's counsel was obliged to attend a deposition, noticed by defendant, at an inconvenient place.[4]

Plaintiff's requested travel expenses appear to be completely reasonable and are

---

2. *Mailer v. RKO Teleradio Pictures, Inc.*, 332 F.2d 747 (2d Cir. 1964); *Electronic Specialty Co. v. International Controls Corp.*, 47 F.R.D. 158 (S.D.N.Y.1969); *Donato v. Parker Pen Co.*, 7 F.R.D. 148 (S.D.N.Y.1945).

3. See *Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 216 (7th Cir. 1975); 6 J. Moore, Federal Prac-

tice para. 54.77[4] at 1725 and para. 54.77[8] at 1751 (2d ed. 1976).

4. This is in contradistinction to the Jacksonville depositions which occurred solely at the instance of plaintiff.

allowed. Plaintiff also requested an attorney's fee in the amount of $750 because his attorney was absent from his office for 18 hours on the date of the deposition.

A reasonable fee for an attorney's attendance at a deposition is allowed to compensate him for the actual time involved in taking the deposition and the time necessarily lost in rendering services on other matters. It is not intended to be a portal-to-portal charge for his total time out of the office. There is no adequate showing here that plaintiff's counsel would have been able to bill 18 hours of work to other clients had he not been obliged to attend this deposition. We find, therefore, that an attorney's fee of $200 is reasonable and adequate under all the circumstances and may be taxed by plaintiff, and such sum shall be deducted by plaintiff's attorney from the fee charged to plaintiff.

*Attendance, Subsistence, and Mileage Fees for Louis Gingery*

The final disputed item covers the attendance, subsistence, and mileage expenses claimed by plaintiff under 28 U.S.C. § 1821 for bringing Louis Gingery from Texas to testify at trial. Plaintiff seeks to recover $240 in attendance fees (12 days × $20 per day); $192 in subsistence charges (12 days × $16 per day); and $497.48 as a mileage fee, for a total of $929.48.

The trial of this simple case took two days, December 15 and 16, 1975. Mr. Gingery only appeared as a witness on December 15. He was not an eyewitness to plaintiff's mishap, and much of his testimony concerned itself with the proper design and use of a chisel gun.[5]

It is true that testimony from a "live witness" at trial is preferable to reading his deposition and that the expenses incident to bringing a witness to court are generally taxable as costs. However, in *Farmer v. Arabian American Oil Co.*, 31 F.R.D. 191 (S.D.N.Y.1962), *aff'd in part, rev'd in part*, 324 F.2d 359 (2d Cir. 1963), *aff'd*, 379 U.S.

227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964), the trial court disallowed the successful defendant from taxing as costs the actual expenses of bringing three witnesses from Saudi Arabia to New York and instead restricted this item to the authorized fee for transporting these witnesses from a distance of 100 miles.

> "Undoubtedly, parties to a litigation may fashion it according to their purse and indulge themselves and their attorneys, but they may not foist their extravagances on their unsuccessful adversaries."[6]

Without question, the court in *Farmer* was concerned that the successful defendant seeking to impose these excessive costs was far more wealthy than the plaintiff; but that does not mean that a successful party who happens to be less rich than his adversary is entitled to take undue advantage of that circumstance.

In this case, Gingery's testimony about chisel guns might just as easily have been obtained from a more local "expert," and plaintiff might easily have obtained Gingery's deposition, especially since he had to go to Texas to attend the deposition of Jack William Post. Under the circumstances, we conclude that plaintiff may tax as costs only the appropriate travel expenses to transport Gingery from a distance of 100 miles from the courthouse.

In addition, plaintiff's claim for subsistence and attendance for Gingery for 12 days is preposterous. We have noted that the trial consumed only two days and that Gingery testified only on the first. Plaintiff asserts that he brought Gingery to New York on December 1, 1975 because he had been notified that the trial would probably commence on December 2. Gingery remained until December 10 and then returned to Texas. Counsel was informed on December 12 that the trial would commence on December 15, and he again brought Gingery to New York.

---

**5.** In this respect, Gingery testified much like an "expert witness."

**6.** *Farmer v. Arabian American Oil Co.*, 31 F.R.D. 191, 193 (S.D.N.Y.1962).

It seems to us that defendant should not be saddled with attendance and subsistence costs for days other than the actual trial days. We customarily do not set civil cases down for trial on a date certain because we must always keep our trial calendars clear ahead for the trial of criminal cases, which have a statutory priority and come to us with superimposed deadlines. Counsel in civil cases are therefore informed from the very outset, at a pretrial conference, that after a specified date, publication in the New York Law Journal upon our trial calendar, and telephonic notice, they should be prepared to go to trial. This system prevents the irrevocable loss of trial days, for, if a civil case settles or if a defendant in a criminal case pleads guilty just before the case is to be tried, we can simply notify the next case on the list to proceed to trial. Unless our system of justice is to be forever obstructed and frustrated by delays caused by unmanageable backlogs of pending cases, we must always have a list of cases ready for trial on short notice.

If we are aware that a party intends to bring in witnesses from great distances, we make every effort to accommodate him by increasing the amount of notice for trial. Here, however, plaintiff did not call our attention to the fact that he intended to bring Gingery from Texas. In light of this, we conclude that plaintiff may tax as costs only the statutory fees for attendance and subsistence for the two days of actual trial.

Accordingly, plaintiff may tax as costs all items contained in his proposed bill of costs, except that:

(1) Plaintiff may not include the $50 rental fee for the chisel guns;

(2) Plaintiff may not include travel expenses incurred by his counsel in attending the depositions in Jacksonville, Florida;

(3) Plaintiff may include only $200 as a reasonable attorney's fee for his counsel's attendance at the depositions in Houston, Texas (and this amount shall be deducted by plaintiff's attorney from the fee to be charged to the plaintiff); and

(4) Plaintiff may include only $20 in mileage charges, $40 in attendance fees, and $32 in subsistence charges, for a total of $92, as costs for bringing Louis Gingery from Texas to appear at trial.

So ordered.