385 A.2d 20 (1978)
WISCONSIN AVENUE ASSOCIATES, INC., Appellants,
v.
2720 WISCONSIN AVENUE COOPERATIVE ASSOCIATION, INC., et al., Appellees.
Nos. 11608, 11791.
District of Columbia Court of Appeals.
Argued December 13, 1977.
Decided March 31, 1978.
*21 Glenn D. Simpson, Rockville, Md., for appellants.
Richard A. Hibey, Washington, D. C., with whom David C. Roseman, Washington, D. C., was on the brief, for appellees. Jay L. Westbrook, Washington, D. C., also entered an appearance for appellees.
Before NEBEKER, YEAGLEY and HARRIS, Associate Judges.
YEAGLEY, Associate Judge:
These consolidated appeals challenge two interlocutory injunctive orders. The facts of the underlying suit are not crucial for present purposes, and may be summarized briefly. Plaintiffs (appellees, hereinafter Cooperative) are a cooperative association and 25 individual owners of cooperative apartments at 2720 Wisconsin Avenue, N.W. Defendants (appellants, hereinafter Associates) are a company and various individuals involved in the conversion of this building to cooperative status. This venture gave rise to the creation of a deed of trust between the parties, and attendant disagreements with regard to the meaning of provisions in the deed resulted in a lawsuit, filed in March 1976.
Prior to commencement of the suit, Associates had regularly forwarded to Cooperative monthly maintenance payments assessable to unsold apartments in the building which were still being managed by Associates as rental units. After Cooperative filed suit, Associates ceased making these payments, relying on a contested provision in the deed of trust which allegedly required Cooperative to hold Associates harmless for all legal fees generated by litigation between the parties in connection with the deed of trust. Associates contended that Cooperative had defaulted on this obligation, and asserted that the maintenance payments were withheld to offset the default.
In October 1976, Cooperative, citing defective heating equipment in the building and a paucity of funds with which to remedy the situation, filed a motion under Super.Ct.Civ.R. 67 for Establishment of a Trust Account and for Appointment of a Trustee to Administer It. Argument was heard on November 9, and on November 17, the trial court, dissuaded by the expense of establishing a trusteeship, instead issued an order which directed Associates to pay Cooperative all future monthly maintenance and operating assessments on the unsold units by the tenth of each month, beginning December 10.
Associates did not tender payment in compliance with the court's order. Cooperative accordingly filed a motion for an order holding Associates in contempt of court. This was considered in conjunction with Associates' motion for a stay of the November 17 order.[1] On December 15, 1976, the trial court entered a second order, which reaffirmed its prior order, denied the motion for stay, commanded that the December monthly payment be made within 48 hours, and provided that Associates pay to Cooperative $400 to cover attorneys' fees generated in connection with the second motion. Associates appeals from both orders. For reasons which follow, we affirm.

I. Maintenance Payments

Associates contends that the trial court erred in granting interlocutory injunctive relief requiring it to make monthly maintenance payments pendente lite. It asserts *22 first that such relief is not authorized by Super.Ct.Civ.R. 67.[2] Cooperative does not disagree, but replies that the trial court expressly and correctly relied on Bell v. Tsintolas Realty Co., 139 U.S.App.D.C. 101, 430 F.2d 474 (1970) as authority to fashion an injunctive remedy in the instant case.
A brief review of the circumstances is necessary. Cooperative's motion was made under Super.Ct.Civ.R. 67, and the trial court's ensuing order of November 17, 1976, stated that the court was acting upon consideration of that motion. However, at the December 15 hearing to consider Cooperative's contempt motion, the trial court termed its prior ruling "a protective order. . . in the nature of a mandatory injunction," and cited Bell v. Tsintolas, supra, as authority.
Bell was a dispute between tenants and a landlord who had filed a summary complaint for possession, was met with a defense based on alleged housing code violations, and successfully moved that the Landlord and Tenant Branch of Superior Court require the tenants to prepay rent into the court registry before being allowed to proceed. The tenants thereafter moved, without success, for a stay order in this court, and appealed to the circuit court, which remanded for our consideration in light of the standards there announced. The circuit court observed that the trial court, under limited circumstances, "may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation." Bell v. Tsintolas, supra at 109, 430 F.2d at 482. The disadvantage there was to a landlord exposed, in the absence of a pretrial protective order, to a prolonged period of litigation without rental income. This question arose again in the context of a protective order issued to a landlord pending appeal in Cooks v. Fowler, 148 U.S.App.D.C. 245, 459 F.2d 1269 (1971). There the court reversed and remanded the order on factual grounds, and observed:
Where, but only where, the court can say with complete certainty that the landlord will become entitled to a definite part of the in-court fund in any event, and the landlord demonstrates convincingly so dire a need for that part as to persuade the court to exercise its equitable powers to afford him some relief, the court may, to just that extent, respond favorably to the landlord's request for disbursement from the deposited fund pendente lite. This rule contemplates, of course, that the competing claims of the parties will first be subjected to careful examination at a hearing after due notice, and that nonfrivolous claims of tenants to ultimate nonliability for any or all of the deposited monies will be scrupulously honored. And it goes without saying that the court's authority to order a turnover from the fund must be cautiously and sparingly utilized. [Id. at 253, 459 F.2d at 1277.]
Associates contends that Bell (and hence the Cooks dictum) is inapplicable to the instant case because it arose in a different context and because the order there required payment into the court registry rather than, as here, directly to the other *23 party. Associates argues further that the order in Bell resulted from a specific motion for injunctive relief, while the order here was, in effect, sua sponte and without the benefit of address by either party.
We are not persuaded by these distinctions. Whether payment is to the court or directly to the other party, the need which underlay the order remains the same, specifically, to maintain the status quo and prevent disadvantage pendente lite. This is the office of injunctive relief. See Wieck v. Sterenbuch, D.C.App., 350 A.2d 384, 388 (1976). Although the context is admittedly different, the idea remains the same, and the need for such relief is arguably greater in the instant case, in which the comfort and safety of 40 Cooperative tenants is at stake.
Finally, review of the record compels the conclusion that the November 17 order was not truly sua sponte, but instead resulted from prolonged discussions between the court and the parties with regard to the underlying circumstances. It came in response to a motion (to establish a trust) which raised the same issues as would have been raised by a motion specifically requesting injunctive relief. Associates cannot realistically claim oppression or surprise.
We similarly reject Associates' contentions that the trial court's failure to issue specific, written findings of fact and conclusions of law mandates reversal under Super. Ct.Civ.R. 52, and that the facts adduced below were legally insufficient to admit of injunctive relief.
Rule 52 provides that "[i]n granting or refusing interlocutory injunctions the court shall . . . set forth the findings of fact and conclusions of law which constitute the grounds of its action." In the instant case, this rule was satisfied by the oral findings that appear in the extensive, recorded colloquy between court and counsel regarding the issues and the equities of the situation. Further, many of the facts were not controverted. The court was aware that Cooperative's financial plight, aggravated by Associates' withholding of maintenance payments, precluded heating system repairs. The court feared that this would result in severe deprivation to residents of the building, some of whom were elderly, in the fast approaching winter months. An ample record exists for this court to discern the basis of the trial court's order.
The record similarly contains facts abundant to support the legality of the order. Our review of a grant of such relief is confined to "(1) examining the trial court's findings and conclusions to see if they are sufficiently supported by the record; (2) assuring that the trial court's analysis reflects a resolution of all the issues which necessarily underlie the issuance of an injunction;[3] and (3) inquiring into any other claims of an abuse of discretion by the trial court." Wieck v. Sterenbuch, supra, 350 A.2d at 387. The most important inquiry is that concerning irreparable injury. See id. In this connection, Associates observes that it had voluntarily paid Cooperative $3,332.78, a sum which the latter represented to be sufficient to meet the cost of repairing the heating system. Associates maintains that this precluded a finding of irreparable harm. Cooperative replies, and the record reflects, that payment of this sum did not guarantee that it would not face serious financial difficulty, and attendant deprivation, in the future. We are satisfied that the trial court considered a totality of circumstances in finding irreparable harm and issuing the attendant order, and we hold that it did not abuse its discretion in so doing.

*24 II. Attorneys' Fees

Associates contends that the trial court exceeded its authority by ordering Associates to pay Cooperative $400 in attorneys' fees. This expense was incurred by Cooperative in connection with its motion to hold Associates in contempt for failure to obey the court's order of November 17, 1976.
The trial court based its order of December 15, 1976, on its "inherent power to award attorneys' fees in motions matters, much as we do under Rule 37, without a finding of contempt of court."
Associates states correctly the rule of the District of Columbia that "absent a contract, a statutory provision, or a showing of unwarranted, oppressive, or vexatious conduct, attorneys' fees are not allowed as damages or costs." 1901 Wyoming Avenue Cooperative Ass'n v. Lee, D.C.App., 345 A.2d 456 (1975); F. W. Berens Sales Co., Inc. v. McKinney, D.C.App., 310 A.2d 601 (1973). Associates argues that the attorneys' fees cannot be awarded consistent with these cases without a finding of contempt, or an indication on the record of vexatious conduct detrimental to the moving party. Cooperative replies that this was, in fact, a civil contempt order, despite the trial court's failure to apply such a label.
We need not determine whether the order was for contempt. Although the trial court may have misconceived as absolute its power to award attorneys' fees, there is enough on the record to support its action in this particular case. Stated simply, Cooperative was placed in the position of seeking a supplemental order to vindicate its rights under a prior order of the court.[4] The trial court observed that
since [Cooperative was] put to the difficulty of and expense of making this motion, also, since payment, under the order of November 17th, was not forthcoming, even though there was at that time a presumably valid court order in force and no stay yet ordered by the Court, I think they are entitled to attorneys' fees of $400.00.
This is a finding consistent with "unwarranted, oppressive, or vexatious conduct" required by 1901 Wyoming Avenue, supra and Berens, supra, and we will not disturb it.
The orders from which these appeals are taken are
Affirmed.
NOTES
[1] Associates moved ultimately for stay pending appeal, which was denied by this court on December 23, 1976.
[2] Super.Ct.Civ.R. 67 provides:

In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of D.C. Code (1967 edition, supplement IV) § 11-1723(2) or any like statute.
The purpose of the rule has been stated as follows:
The rule is designed to operate generally and to continue in effect similar special statutory provisions such as those permitting the plaintiff in an interpleader case to get rid of money and put it in safekeeping somewhere. The rule covers cases of any character where a party desires to relieve himself of responsibility for a fund in dispute by paying it into court. [Dinkins v. General Aniline & Film Corp., 214 F.Supp. 281, 282-83 (S.D.N.Y. 1963). See also 7 Moore's Federal Practice ¶ 67.02 at 2202-03 (2d ed. 1968).]
By its terms and in light of interpretation, it is clear that Super.Ct.Civ.R. 67 does not authorize injunctive relief.
[3] The prerequisites to such relief are:

(1) that there is a substantial likelihood he will prevail on the merits; (2) that he is in danger of suffering irreparable harm during the pendency of the action; (3) that more harm will result to him from the denial of the injunction than will result to the defendant from its grant; and, in appropriate cases, (4) that the public interest will not be disserved by the issuance of the requested order. [Wieck v. Sterenbuch, supra, 350 A.2d at at 387 (footnote omitted).]
[4] Associates contends that it spent the time between issuance of the November 17 order and the December 10 deadline for initial payment under that order seeking an informal resolution of the entire dispute. Associates maintains that only when these attempts failed did it appeal from and seek a stay of the November 17 order. Cooperative replies correctly that the trial court's ruling was at all times in effect, and that our acceptance of Associates' position would vitiate the role of injunctive relief.