**Scott CAMPER, Applicant,**

v.

**Tracey STEWART–LANGE,
et al., Respondents.**

**No. 01–DA–22.**

District of Columbia Court of Appeals.

Decided Oct. 4, 2001.

Frederic W. Schwartz, Jr., Washington, filed applicant's opposition.

Before SCHWELB and REID, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In 1999 applicant Scott Camper brought suit in the Superior Court against respondents the University of Arkansas and several members of its basketball coaching staff for breach of contract. A hearing commissioner dismissed Mr. Camper's suit for lack of personal jurisdiction, and that decision was affirmed by a judge of the Superior Court. This court denied Mr. Camper's subsequent application for allowance of appeal, No. 00–DA–24, on July 21, 2000. Mr. Camper then pursued his claims in the United States District Court for the District of Columbia. Upon their dismissal by that court, Mr. Camper returned to the Superior Court and filed a Rule 60(b)(2) motion, alleging that he had newly discovered evidence sufficient to vest the court with personal jurisdiction over the non-resident defendants. Mr. Camper was again unsuccessful, and he again sought discretionary review in this court. This second application was denied on July 3, 2001, and was followed by respondents' motion for an award of fees and costs, and by Mr. Camper's motion for reconsideration. By an order issued on August 10, 2001, we denied the motion for reconsideration, granted respondents' award motion to the extent that it sought costs, and directed respondents to file an accounting of costs within ten days. Respondents filed a timely accounting, seeking $69.40 in photocopying costs and $40.13 in delivery and service costs. As the prevailing parties, respondents are entitled to recoup their photocopying costs,

*see* D.C.App. R. 6(e), 39(a); *Harris v. Sears Roebuck & Co.*, 695 A.2d 108, 110 (D.C.1997), but since this court has never addressed whether delivery and service costs are recoverable, we turn to that question now.

"The authority of a court to assess a particular item as costs is partly a matter of statute (or court rule), and partly a matter of custom, practice, and usage." *Robinson v. Howard Univ.*, 455 A.2d 1363, 1368–69 (D.C.1983) (citations omitted). We are aware of no statute or rule that disallows these costs, and while mindful of the Supreme Court's admonition to tax costs sparingly in the absence of a statutory authorization, *see id.* at n. 10 (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964)), we also note that a majority of the United States Courts of Appeals allow re-covery for such expenses. *See, e.g., United States Equal Employment Opportunity Comm'n v. W & O, Inc.*, 213 F.3d 600 (11th Cir.2000); *Collins v. Gorman*, 96 F.3d 1057 (7th Cir.1996); *Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153 (2d Cir.1996); *Alflex Corp. v. Underwriters Labs. Inc.*, 914 F.2d 175 (9th Cir.1990). We join them, and hold that respondents may recover their delivery and service costs of $40.13 and direct applicant to pay respondents a total of $109.53 in costs.

*So ordered.*