**Barry A. KEMELHOR, Plaintiff,**

v.

**PENTHOUSE INTERNATIONAL, LTD., Defendant.**

**No. 85 Civ. 0002 (CHT).**

United States District Court, S.D. New York.

Nov. 13, 1989.

Scheffler Karlinsky & Stein, New York City (Martin E. Karlinsky, of counsel), for plaintiff.

Dunnington, Bartholow & Miller, New York City (Jeffrey H. Daichman, of counsel), for defendant.

TENNEY, District Judge.

This case is before the court on a motion, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 11(b) of the Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules"). Defendant seeks an order modifying an award to plaintiff of costs pertaining to deposition transcripts, on the ground that the transcripts were not taxable under Local Rule 11(c)(2). For the reasons set forth below, the motion is granted in part and denied in part.

### BACKGROUND

This motion follows a decision, after a bench trial, in favor of plaintiff on his breach of contract claim against defendant. The facts of the case are fully set forth in the court's post-trial decision, dated June 3, 1988. *Kemelhor v. Penthouse Int'l, Ltd.,* 689 F.Supp. 205 (S.D.N.Y.1988), *aff'd,* 873 F.2d 1435 (2d Cir.1989). Plaintiff sued Penthouse International, Ltd. ("Pent-

house") for breach of an employment agreement in which Penthouse promised to pay plaintiff for locating nude photos of women celebrities that had been published before the women became famous. The court found in plaintiff's favor, awarding him monetary damages and the return of photos previously provided to Penthouse.

After trial, the Clerk of the Court awarded plaintiff certain costs, including $1,804.48 for deposition transcripts. Defendant filed a timely notice of motion to review that portion of the award. Stripped to their bare essentials, defendant's arguments are: (i) that the transcripts were not "used" by the court in denying defendant's pre-trial motion for summary judgment, as required by Local Rule 11(c)(2) and (ii) that even if they were used, defendant should be required to pay only the pro rata cost of obtaining the excerpts submitted in connection with that motion.

## DISCUSSION

■ Local Rule 11(c)(2) provides, in pertinent part:

> The original transcript of a deposition, plus one copy is taxable if the deposition was received in evidence whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the court in ruling on a motion for summary judgment. Costs for depositions taken solely for discovery or used only for impeachment purposes are not taxable. . . .

The depositions at issue were not admitted at trial; therefore, the only question before the court is whether they were "used" in the decision to deny defendant's pre-trial motion for summary judgment. The decision denying summary judgment was rendered by Judge Constance Baker Motley, on February 24, 1986, prior to the transfer of the case to this court's docket. *See Kemelhor v. Penthouse Int'l, Ltd.*, 85 Civ. 0002 (CBM), 1986 WL15698 (S.D.N.Y. Feb. 24, 1986) (Affidavit of Jeffrey H. Daichman, sworn to March 29, 1989, ("Daichman Aff.") Exh. D.). Therefore, the court does not have the benefit of personal involvement in consideration of that motion.

Nevertheless, it cannot accept defendant's naked and unsubstantiated assertion that Judge Motley did not use the depositions to reach her decision.

In her opinion, Judge Motley decided that two possible interpretations of plaintiff's employment contract created a triable issue of fact. *Id.* at 4. While it is true that she did not refer to any of the depositions in her decision, that is not a requirement for taxation under Local Rule 11(c)(2). The Rule merely states that a deposition must have been "used," not "cited," by the court. Nevertheless, defendant argues that Judge Motley's decision concerned a purely legal issue. It concludes that, while she may have had the depositions before her, she did not have to "use" them to decide the motion on the grounds stated.

A further examination of Judge Motley's consideration of the motion establishes that the depositions had more significance than defendant suggests. It is revealing that defendant moved for summary judgment relying, in part, on excerpts from the very depositions it now claims Judge Motley could not have used. *See* Daichman Aff. ¶ 10. In addition, in her opinion, Judge Motley specifically observed:

> In construing the terms of a contract, a court may properly look to evidence of parties' negotiations or other relevant external circumstances to determine whether the terms are ambiguous. Since plaintiff and defendant have different understandings of the meaning of the term "public domain" as it is used in the Employment Agreement, the meaning of that term as it is used in the contract is ambiguous.

*Kemelhor*, slip op. at 3–4 (citation omitted). Therefore, the court cannot accept defendant's argument that the depositions were not used to decide the motion.

■ As to defendant's argument that plaintiff should, at most, recover only the pro rata cost of the fifty-seven pages actually submitted, the court need only refer to another opinion by Judge Motley, in which she noted: "The rule in this Circuit has been 'that, as long as the taking of the deposition appeared to be reasonably neces-

sary at the time it was taken, it is within the court's discretion to allow taxation of its costs.'" *Health–Chem Corp. v. Hyman*, 523 F.Supp. 27, 33 (S.D.N.Y.1981) (quoting *Alonso v. Union Oil Co. of California*, 71 F.R.D. 523, 525 (S.D.N.Y.1976)).

■ Contrary to what Penthouse implicitly asserts, discovery is not an exact science. All a court should decide in reviewing an award for costs is whether an item falls within a taxable category and whether the cost was reasonably incurred. There is no claim, for example, that questioning in other areas of the depositions dwelled excessively on issues that could not possibly have been considered relevant to the lawsuit. In the absence of such claims, the court has the discretion to presume that the costs incurred were reasonable. *See In re Air Crash Disaster*, 687 F.2d 626, 631 (2d Cir.1982).

Nevertheless, under the same reasoning, the award should not have included the premium charge paid by plaintiff to obtain expedited copy of the initial session with Robert Guccione, Penthouse's publisher. Defendant claims it was ordered solely for plaintiff's own convenience; since plaintiff has not responded to this assertion, the court accepts defendant's argument. Accordingly, that portion of defendant's motion, which seeks to eliminate $206.50, the premium charge incurred for expedited copy, is granted.

CONCLUSION

The Clerk of the Court is directed to modify its award for costs by deducting the sum of $206.50. Defendant's motion to review the award is denied in all other respects.